MRS. NANNIE L. TEAS *et al. v.* LUFF-BOWEN COMPANY *et al.*[*]

(*Nashville.* December Term, 1922.)

1. **ACTION.** Persons separately affected by tort must sue separately. Persons jointly affected by a tort must join in an action to recover for the injury, but persons having separate and distinct interests or separately affected by a wrong must sue separately. (*Post, pp.* 653-657.)

2. **ACTION.** Parties suing jointly for joint injury cannot join separate individual causes of action.

   In an action by the owners of a life estate, in which the owners of the remainder joined as parties plaintiff, for loss of a dwelling by fire due to the negligent installation of a heating plant by defendant, plaintiffs could not by separate counts join causes of action which they individually had against defendant for the destruction and loss of personal chattels belonging to them individually, nor could one of the plaintiffs join a count for the recovery for personal injuries sustained as a result of the fire. (*Post, pp.* 653-657.)

   Cases cited and approved: Railway Co. v. Roddy, 132 Tenn., 568; Smith v. Railway Co., 106 Tenn., 282; Carraway v. Burton, 23 Tenn., 108.

   Case cited and distinguished: Shoemaker v. Atkin, 58 Tenn., 294.

---

FROM HUMPHREYS.

---

Appeal from the Circuit Court of Humphreys County.— HON. W. L. COOK, Judge.

M. H. MEEKS, S. N. HARWOOD and SHANNON & TUBB, for appellants.

---

[*]On damages sustained on account of injuries to oneself and another at the same time, as constituting one or more than one cause of action see note in L. R. A., 1917C, 544.

HARRY C. HOWARD and J. R. MORRIS, for appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit to recover damages for the loss of a dwelling by a fire due to the negligent installation of a heating plant by the defendants.

The jury returned a verdict in favor of the plaintiffs for $5,000, which was approved by the trial court, and which, upon appeal, was affirmed by the court of civil appeals.

We find ample evidence in the record to sustain the verdict of the jury, and will not undertake to discuss the evidence in this opinion.

The building in question was owned by the plaintiffs, Mrs. Teas and her two children, J. C. Harris and Mrs. Katherine Porch; Mrs. Teas owning a life estate, and her said children the remainder interest, in said property.

It is conceded that the plaintiffs have a joint right of action for the loss of said building.

Subsequent to the filing of the original declaration plaintiffs undertook to file ten additional counts, from three to twelve, inclusive.

The third and fourth counts were amended statements of the first two counts for the loss of the dwelling.

By the fifth and sixth counts Mrs. Teas undertook to sue the defendants for the destruction and loss of personal chattels belonging to her individually and burned in the same fire which destroyed said dwelling house.

By the seventh and eighth counts J. C. Harris presented a similar cause of action for the value of his personal property destroyed in said fire.

By the ninth and tenth counts Mrs. Katherine Porch undertook to recover damages for personal injuries which she sustained as a result of said fire, and by the eleventh and twelfth counts she sought to recover from said defendants for the loss of her individual personal property destroyed in said fire.

The learned circuit judge overruled the motion of plaintiffs to amend their declaration, by the addition of the counts five to twelve, inclusive.

Upon appeal the action of the trial court in declining to permit said amendments was affirmed.

The action of the trial court and of the court of civil appeals in denying to the plaintiffs the right to file said amendments to their declaration is made the basis of numerous assignments of error; their contention being, as set forth in their brief, as follows:

"In this suit, it is averred that the joint ownership of the residence is in the plaintiffs, and in the destruction thereof they sustained a joint damage, and they have a legal right to recover damages for the injury to their joint property, and, as an incident to their legal right to recover damages for the joint injury to their joint property, they have a legal right to recover damages for their several injuries, because, under the law, they were bound to sue jointly for the damages for the joint injury to their joint property, and they can maintain only one suit for the injuries growing out of the tort, and it necessarily and logically follows that they are entitled to recover damages, in this suit, for the injuries severally sustained by them."

The court of civil appeals, in disposing of this question, speaking through Justice FAW, said:

"In *Railway Co.* v. *Roddy,* 132 Tenn., 568, 574, 179 S. W., 143 L. R. A., 1916E, 974, and again in *Smith* v. *Railway Co.,* 136 Tenn., 282, 285, 189 S. W., 367, L. R. A. 1917C, 543, our supreme court quoted with approval from Freeman on Judgments, as follows:

" 'A single tort can be the foundation for but one claim for damages. . . . All damages which can, by any possibility, result from a single tort from an indivisible cause of action. Every cause of action in tort consists of two parts, to-wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained. There must be a fresh act, as well as fresh damages.'

"And in the case last mentioned the court cited with approval the case of *Carraway* v. *Burton,* 4 Humph., 108, wherein it is said (at page 113) that 'if a plaintiff bring a suit for his entire cause of action, and fails or neglects to prove it, in whole or in part, and judgment goes accordingly, or a suit for a part only of his cause of action, and obtains judgment for that part, he can never sue again on the same cause, but the judgment so obtained may be pleaded in bar to any suits arising from the same transaction.'

"In *Shoemaker* v. *Atkin,* 11 Heisk., 294, 298, it is said that 'if the plaintiff's house and goods are burned by the defendant, there can be no sound reason why he should be required to resort to two actions—one to recover the value of the goods, the other to recover [for] the injury to the freehold by the loss of the house. And under our Code, one count, stating accurately the entire facts of the cause, would be sufficient.'

"But neither of the cases cited above presented the question raised by the assignments of error of the plaintiffs in the instant case.

"The sound rules by which we think the present controversy is to be determined are tersely, but clearly, stated in 20 Ruling Case Law, at page 675, as follows:

" 'Persons jointly affected by a tort must join in an action to recover for the injury. . . . But persons having separate and distinct interests or separately affected by a wrong must sue separately. . . . And one who has not been affected by the wrong should not, of course, be joined as plaintiff.'

"In 23 Cyc. at pages 424, 425, under the title of 'Joinder and Splitting of Actions,' it is said: " 'It is necessary that the causes of action shall each affect all plaintiffs. Hence a cause of action which shows a joint right of recovery cannot be joined with one which shows a several right, although if plaintiffs have a common interest and seek a common relief, the fact that they might also have sued separately does not indicate a misjoinder.'

"And again (on page 425) it is said:

" 'To authorize a joinder of causes of action in tort, it is necessary that they each affect all the plaintiffs; hence a joint claim cannot be united with a single one, nor when the same tort affects the several rights of different persons can their cause of action be joined.'

"The statement in the Tennessee cases cited, supra, that 'a single tort can be the basis of but one action' was made with reference to a single plaintiff. With respect to their joint suit for the damage to their joint property, the three plaintiffs are, in legal contemplation, a unit—a single plaintiff; but with respect to their several injuries, respec-

tively, each of them is another and different plaintiff. Neither of the plaintiffs was affected by the wrong done to either of the others in the destruction of their separately owned personal property, respectively, and neither Mrs. Teas nor J. C. Harris was affected, in a legal sense, by the wrong done to Mrs. Porch which resulted in the personal injuries suffered by her. The plaintiffs had no joint or common interest in the damages for which recoveries were sought by the amended counts which the circuit court declined to permit them to file. 'A single wrongful or negligent act, if resulting in personal injury to more than one person, may give rise to as many causes of action as there are persons injured. This would be so to the extent of permitting each person injured to maintain an action for damages against the wrongdoer.' 1 R. C. L., pp. 345, 346.

"For instance: A single negligent act may wreck a railroad train and injure many persons, but it would scarcely be contended that they could join in a single suit to obtain redress for their injuries. If two or more persons have separate interests and sustain separate damage from a single wrongful act of a tortfeasor, they cannot join as plaintiffs. Such was the common law (30 Cyc., p. 113), and we are not aware of any statute of this state which would change the rule.

"Treating of 'fraud and deceit' as civil injury, or tort, it is said in 12 R. C. L., at page 415, that 'a false and fraudulent affirmation made by a seller to two or more independent purchasers is, in its nature, a several tort as to each, and they cannot join in an action therefor. But two persons who have been defrauded of property of which they are joint owners may join in an action on the case of their damages.' "

Teas v. Luff-Bowen Co.

Diligent counsel have been unable to find any cases supporting their contention, and we consider the conclusions of the court of civil appeals sound both upon principle and authority.

It results that the judgment of the court of civil appeals will be affirmed.

The costs in this court will be divided, plaintiffs paying one-half, and the Beckwith Company the other half.