J. N. GRIFFITH et al.

*v.*

JAKE HURT et al.

(*Jackson,* April Term, 1956.)

Opinion filed April 27, 1956.

GEORGE C. ROWLETT, Martin, for appellants Hurt and others.

J. PAUL WHITE, Union City, for appellees Griffith and others.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Chancellor allowed the defendants, Hurt, et al., an appeal from his action in overruling their demurrer based on the ground of misjoinder of parties complainant.

There are three complainants. They own separate farms. Neither owns any interest in the farm of the other. According to the allegations of their joint bill, the defendants, tenants in common, are so conducting the management of their farm and the stream flowing therethrough as to interfere with the normal flow and course of that stream, and of the rains falling upon their farm. The result is that large bodies of water accumulate from time to time on the farm of each of the complainants to the damage of that farm and its crops. The relief sought by the bill is (1) a mandatory injunction to prevent and correct this wrong, and (2) a money recovery by each complainant for the damage done his farm and crops by reason of this tort.

■ ■ "The rule is that two or more persons may unite in a bill to enjoin a nuisance, although their lands are separate and distinct from each other, where it appears that the lands of all are affected in substantially the same way by the nuisance complained of". *Madison v. Ducktown Sulphur, Copper & Iron Co.,* 113 Tenn. 331, 348, 83 S.W. 658, 661. So, there is no misjoinder of parties complainant in so far as those parties seek injunctive relief. It follows that the Chancellor did not err in so holding by overruling those grounds of the demurrer which insisted the contrary.

The remaining question raised by another ground of the demurrer is whether there can be a joinder of parties as complainants for the recovery by each of his separate damages for the separate injuries inflicted by the same tort upon his separate farm and crops. The Chancellor, by overruling that ground of the demurrer insisting upon such misjoinder, did thereby hold that the

joinder of parties complainant seeking such separate relief as to each is permissible.

■ ■ While such joinder is not permissible simply to prevent a multiplicity of suits, *Ducktown Sulphur, Copper & Iron Co. v. Fain,* 109 Tenn. 56, 70 S.W. 813, and though Chancery has no jurisdiction of a suit seeking no relief other than a money recovery for injuries to realty and personalty by reason of a tort, Section 16-602, T.C.A., it does have jurisdiction to award such damages as an incident to injunctive relief where there is only one party complainant seeking an injunction and, incidentally, damages sustained by reason of the tort which he seeks to have enjoined. *Union Planters' Bank & Trust Company v. Memphis Hotel Co.,* 124 Tenn. 649, 664-665, 139 S.W. 715, 39 L.R.A.,N.S., 580.

Therefore, had each complainant filed his separate bill for injunctive relief and, as an incident thereof, the recovery of damages for the injury done his property by reason of the tort which he seeks to enjoin, such bill in its entirety would have withstood demurrer. The question is whether this fact entitles each of the three in such bill to also seek each his separate damages for the separate injuries inflicted upon his separate property.

■ Appellees insist that there is no misjoinder of the parties as complainants in seeking each his separate damages. They base that insistence upon the fact that "their interest radiate from (a) common center". As authority for that position they cite *Johnson v. Brown,* 21 Tenn. 327; *Bartee v. Tompkins,* 36 Tenn. 623; *Wilkins v. Jetton,* 8 Tenn.App. 641; and *Johnson Transfer & F. Lines v. American Nat. Fire Ins. Co.,* 168 Tenn. 514, 79 S.W.2d 587, 99 A.L.R. 277. Neither of these cases involved the seeking of separate damages for injuries re-

sulting from a tort. So, neither of them supplies the answer to the question stated. They do warn a trial court that in a case where a joinder of parties is permissible it should "guard against that complication and confusion, in the investigation of rights and the application of remedies, arising from the attempt to blend in one suit distinct and incongruous claims and liabilities." *Johnson v. Brown, supra,* 21 Tenn. at page 328.

The question is conclusively answered by *Madison v. Ducktown Sulphur, Copper & Iron Co., supra,* a decision to which the appellants refer. In the manufacture of copper ore the defendants in that case caused large volumes of smoke of some kind to issue from their "roast piles". A nuisance was thereby created resulting in damage to the separate farms of the separate complainants. In the second of the three suits mentioned in that decision there were several parties complainant 113 Tenn. at page 339, 83 S.W. 658. It was sought in that second suit to obtain (1) injunctive relief and (2) a recovery by each of the complainants his separate damage for the injuries his farm sustained by reason of the tort committed, 113 Tenn. at page 345, 83 S.W. 658. In response to the insistence that a demurrer for misjoinder of parties complainant should have been sustained this Court held 113 Tenn. at pages 348-349, 83 S.W. at page 662, that "there can be joinder neither of complainants nor of defendants for the purpose of recovering damages for the injuries caused by such nuisance". It then concluded with the statement that, had the demurrer been properly drawn, "there can be no doubt that the bill in the second case was amenable to the demurrers above referred to, in respect of the claim for damages

138

preferred therein; that is, if the demurrers had been so framed as to raise objection to that defect alone".

By reason of this rule enunciated in *Madison v. Ducktown Sulphur, Copper & Iron Co., supra,* this Court must hold that the Chancellor erred in overruling that ground of the demurrer which insisted that there was a misjoinder of parties complainant in so far as each sought in their joint bill a separate money recovery for the damage he suffered by reason of the injury to his individual farm and crops.

*Teas v. Luff-Bowen Company,* 147 Tenn. 651, 655, 251 S.W. 44, 46, sustains by analogy this rule enunciated in *Madison v. Ducktown Sulphur, Copper & Iron Co., supra.* That was a law case wherein this Court held that persons " ' "Separately affected by a wrong must sue separately" ' "; and, " ' "nor when the same tort affects the several rights of different persons can their cause of action be joined" ' ".

A law court is directly given jurisdiction of tort actions. Such an action does not pertain to Courts of Chancery except as an incident to the giving of equitable relief. If a law court, though directly given jurisdiction of a tort action, cannot entertain in one suit the claims of several parties separately affected by the same tort as held in the Teas case, it would seem to follow as a matter of course that a chancery court, the jurisdiction of which in a tort case is only incidental, would not have jurisdiction to entertain in one suit the separate money claim of each of two or more persons separately damaged by the same tort.

The degree of the Chancellor will be modified so as to sustain that ground of the demurrer directed to misjoinder of parties with reference to their separate claims

for damages by reason of the one tort. As so modified, that decree will be affirmed and the cause remanded with costs equally divided between appellants and appellees.