CITY OF LE MARS, a municipal corporation, plaintiff-appellee, v. JOSEPH V. FISCH, d/b/a FISCH FUNERAL HOME, appellant; J. H. GROETKEN et al., intervenors-appellees.

No. 49851.

(Reported in 100 N.W.2d 14)

150

DECEMBER 15, 1959.

Orville A. Hames, of Remsen, and Thomas L. McCullough, of Sac City, for defendant-appellant.

James P. Kelley, City Solicitor of Le Mars, for plaintiff-appellee.

Burton Dull, of Le Mars, for intervenors-appellees.

LARSON, C. J.—This is a suit in equity brought by the City of Le Mars to enjoin defendant from conducting a funeral home on premises situated in a restricted residential district as established by zoning ordinance Chapter 27, Municipal Code of 1941, authorized by what is now chapter 415, Code of Iowa, 1958. Property owners occupying residences abutting this premise and across the street intervened on the part of plaintiff and alleged defendant's action in maintaining the funeral home should be enjoined as a nuisance. Judgment was entered enjoining defendant's operation, and he appeals.

The issues raised in this appeal were: (1) Is Section 111 of Chapter 27 of the Municipal Code a legal and enforceable provision? (2) Was the use of the premises by the defendant for a funeral home a violation of the city ordinance? (3) Was the use of the premises for a funeral home a nuisance? (4) Did the installation of carpeting and the moving of heat ducts in the home justify the issuance of an injunction prohibiting the use of the building for a funeral home? We shall not attempt to discuss them in that order.

I. No useful purpose will be gained by a lengthy statement as to the facts in this case. The record discloses that when this property, located in the area of the city designated as a restricted residential district, was acquired by defendant, he removed the floor registers in the house and placed them in the wall to make the heating system work better, and also installed carpeting. The trial court did not consider these items amounted to an *alteration or repair* such as is referred to in Section 109, Chapter 27, of the Municipal Code, which made necessary a permit by the city council. We agree. "Alteration", as the term is used in connection with building changes in ordinances, means "variation, changing, making different; a change of a thing from one form or state to another; a change or substitution in a substantial particular of one part of a building; an installation that * * * changes its structural quality; a substantial change therein." "Repair" means "to mend, remedy, restore, renovate; to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." Black's Law Dic-

tionary, Fourth Edition. Also see Paye v. City of Grosse Pointe, 279 Mich. 254, 271 N.W. 826; 2 Am. Jur., page 596; 3 C. J. S., page 899.

Section 109, of Chapter 27, provides: "It shall be unlawful to *erect, reconstruct, alter* or *repair* any building or structure, except residences, or resident outbuildings, within the residence districts, without first securing from the council a permit therefor." (Emphasis supplied.)

We are satisfied defendant's failure to secure a permit for the things done did not violate this provision of the law, and his attempt to obtain a permit to operate a funeral home at that location through his counsel cannot be construed as an admission of such a violation. The things done did not affect the building's use, alter it structurally, or change its appearance, and we think were not such changes as were reasonably intended by that section of the ordinance. Furthermore, unless there were such changes, there is no ordinance provision that one must obtain a permit to *operate* a funeral home in that locality.

■ II. Chapter 27 of the plaintiff's Municipal Code is a valid zoning ordinance enacted by authority of what is now chapter 415, Code, 1958. Section 108 of the ordinance provides: "All that area within the city limits of the City of Le Mars, Iowa, is hereby designated and established as *a restricted residence district* except the following designated portion, to-wit: * * *." (Emphasis supplied.) This is the same designation used in chapter 415, Code, 1958, and we think is sufficiently specific to establish a restricted residential district as distinguished from commercial manufacturing, etc.

■ Furthermore, defendant's contention that Section 111 of Chapter 27 of the Municipal Code is void and as being too vague and indefinite has no merit. Although this may be the vital question in the case, we hold the provisions thereof are sufficiently specific and clear. Section 111 provides: "It shall be unlawful *to use or occupy* any property within a restricted residence district in such a way as to be *offensive*, or which *creates any added burden or disadvantage* to any resident of said district." (Emphasis supplied.) True, it is the only section of the ordinance which concerns use and occupancy and, al-

though broad and comprehensive, we are satisfied it does not exceed the authority given municipalities by section 415.2 of the Code of Iowa. It could not, we think, be called an unreasonable rule or regulation as to use and occupancy of buildings within a restricted residential district. It is a valid exercise of the police power. Keller v. City of Council Bluffs, 246 Iowa 202, 66 N.W.2d 113, 51 A. L. R.2d 251; City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322; Scott v. City of Waterloo, 223 Iowa 1169, 274 N.W. 897. Nowhere does it deny one the ordinary and reasonable use of his property for residential purposes, but it specifically forbids its use in a manner which will injure or substantially increase the burden on his neighbors. Edwards & Browne Coal Co. v. Sioux City, 213 Iowa 1027, 1036, 240 N.W. 711, cited by defendant, relates to void building regulations and is not in point. There is therein an able discussion and citations on the subject by Judge Grimm which tend to reveal the extent to which municipalities may go in exercising police power in the field of rules and regulations. Here it is sufficient to say we find no requirement that the ordinance spells out those things which are "offensive" or which "create any added burden" on the other residents of the district. Manifestly, no general rules or regulations could be presented by which these questions could be answered. Upon that point each case must rest upon its own facts. Edwards & Browne Coal Co. v. Sioux City, supra.

In Livingston v. Davis, 243 Iowa 21, 50 N.W.2d 592, 27 A. L. R.2d 1237, we held there was no zoning ordinance violation in a preschool location, but in Bevington v. Otte, 223 Iowa 509, 273 N.W. 98, we found the operation of a funeral home in a strictly residential district was, in fact, a nuisance. Fine distinctions seem to control these determinations, but we base our decision here upon a clear violation of valid zoning ordinance restrictions. We hold these restrictions, though general, are not invalid nor unenforceable.

III. The trial court found the operation or use of defendant's property as a funeral home was shown to be offensive and that it created an added burden or disadvantage to those in the immediate neighborhood, also within the restricted residential section. There was ample testimony to sustain that

finding. It was pointed out that in addition to the intervenors'
testimony, numerous persons appeared before the city council
and made objections to the issuance of a permit. There was
evidence of a reduced value of property near by, of restricted
use of adjoining properties especially during the period of a
wake, that an atmosphere of depression prevailed due to the
presence of the home, and that traffic would be increased during
the coming and going during the wake. It is true there was
evidence to the contrary, and if we were to decide this case on
the basis of whether sufficient was shown to establish a nuisance,
or that it was a nuisance per se, our decision might be quite
different. Dawson v. Laufersweiler, 241 Iowa 850, 43 N.W.2d
726. Such proof here is not required. In Dawson v. Laufers-
weiler, supra, no ordinance violation appeared. In fact, a permit
had been granted to establish a funeral home on the location
and the neighborhood was clearly semicommercial, rather than
purely residential. These distinctions are substantial and are
decisive of the case at bar.

The issue here was not whether the operation of the funeral
home in this neighborhood was a nuisance itself, but whether
there was a sufficient showing to justify the finding that the
use and occupancy violated Section 111 of the ordinance, that
it was in fact reasonably offensive to those near by, and did in
fact add to their burden and disadvantage. Each intervenor
testified that the establishment would be offensive to him and
placed a burden on him to his disadvantage. Mr. Fisch admit-
ted: "There is a somber air around a funeral home in the pres-
ence of death. People have a tendency to speak softly and walk
lightly * * *." Lawn parties and children's play under such
circumstances would be unthinkable and a distinct disadvantage
in the use of property as family homes. There was ample testi-
mony that this funeral home in the vicinity would decrease the
property value from 15 to 40%. Mr. Harold J. Ruden, a realtor,
gave his opinion that it would depreciate property in the im-
mediate area 35%.

While it is true we are not bound by the trial court's find-
ings, we think there was more than enough shown to establish
the fact that the maintenance of the funeral home on this
premise did add a burden to those in the vicinity, including

both intervenors Groetken and the Anthonys. We conclude a violation of Section 111 was sufficiently established, although there may have been a serious question as to the sufficiency of proof of nuisance.

IV. Having come to the conclusion that defendant is maintaining the funeral home in violation of Section 111 of Chapter 27 of the Municipal Code, we now turn our attention to Sections 114 and 115 of the ordinance, that provide:

"Section 114. Any building or structure *erected, reconstructed, altered* or *repaired* in violation of the provisions of this ordinance shall be deemed a nuisance, and it shall be abated by action in the district court. * * *." (Emphasis supplied.)

"Section 115. Anyone violating any of the provisions of this ordinance shall, upon conviction, be subject to imprisonment not exceeding thirty days, or to a fine not exceeding one hundred dollars. * * *."

Thus it appears where the violation is one involving the erection, reconstruction, *alteration* or *repairs,* as set forth in Section 109, the ordinance authorized the abatement by action in the district court. For other violations such as *use* and *occupancy,* set out in Section 111, the action authorized by this ordinance appears to be one for a misdemeanor or by fine and imprisonment.

It is true either or both methods were authorized by the State Legislature in what is now section 415.3, Code of 1958. It provides: *"Any building* or structure erected, ˙altered, repaired, or *used in violation of any ordinance* passed under the authority of sections 415.1 and 415.2, shall be *deemed a nuisance,* and every such city or town is hereby *empowered to provide by ordinance for the abatement of such nuisance,* either by fine or imprisonment, or by action in the district or municipal court of the county in which such city or town is located, or by both; such action to be prosecuted in the name of the city or town." (Emphasis supplied.)

Obviously the City of Le Mars did not, by ordinance, provide for an abatement in an action in the district court except where the violation involved erection, reconstruction, alteration or repair. That provision was not violated, and thus it would appear that the city is not properly authorized to prosecute such

a suit to abate. However, that issue was not raised and we do not consider it here.

█ V. Having determined there was sufficient showing made that defendant had violated the provisions of the ordinance in Section 111, we must also conclude that the intervenors who are proper parties plaintiff have established their case for injunctive relief. They are entitled to the benefit of the statutory provision in section 415.3, Code, 1958, declaring any violation of an ordinance enacted under that chapter a nuisance. By showing the violation of Section 111 of the ordinance, the intervenors had shown that defendant's operation was a nuisance and, as parties vitally concerned, they could secure its abatement. Their right to maintain the suit to abate the nuisance, then, must be upheld, and the court's judgment that defendant Joseph V. Fisch be enjoined and restrained from operating or maintaining a funeral home upon the involved premises must be affirmed.—Affirmed.

All JUSTICES concur.