CEDAR RAPIDS COMMUNITY SCHOOL DISTRICT, LINN COUNTY,
appellee, v. CITY OF CEDAR RAPIDS, appellant.

No. 50163.

(Reported in 106 N.W.2d 655)

DECEMBER 13, 1960.

David F. McGuire, City Attorney, and William R. Eads, Assistant City Attorney, both of Cedar Rapids, for appellant.

David G. Bleakley and Harold D. Vietor, both of Cedar Rapids, for appellee.

THORNTON, J.—Plaintiff, Cedar Rapids Community School District, Linn County, Iowa, commenced this action in equity asking for a judgment declaring plaintiff not subject to the building ordinances of defendant-City, Cedar Rapids, and for injunctive relief. By proper pleading the parties put in issue the building, electrical, plumbing, and heating ordinances of defendant-City. The reasonableness of the ordinances is not questioned. The trial court granted the relief prayed by plaintiff. We disagree with this result.

Plaintiff and defendant are both located in Linn County. The area of the school district includes territory within defendant-City. The school district is engaged in an extensive renovating and construction program of school buildings within the city.

The school district contends it has exclusive jurisdiction in all school matters, it is an arm or agency of the State as is the city, and the city has no power to regulate the school district without express or necessarily implied authority from the legislature, and such authority has not been granted. Included in

the contentions of the school district are the theories the city cannot regulate the State, and there is reasonable doubt the city possesses the power claimed and therefore it must be denied.

The city contends it has been granted the power by the legislature to prescribe and enforce the various building regulations as against the school district.

I. The effect of Constitution of the State of Iowa, Article IX, section 15, is to place the responsibility for public instruction upon the legislature. Pursuant thereto the State Board of Public Instruction, section 257.1 (all references herein are to the Code of Iowa, 1958, unless otherwise designated), and the office of Superintendent of Public Instruction, section 257.11, have been established. The power to locate school sites, section 297.1, and to construct and repair schoolhouses, section 297.7, is vested in the board of directors of each school corporation. There is no constitutional provision directing the manner in which the legislature shall carry out its responsibility to furnish public education.

The pertinent powers granted school districts are:

"274.1 Each school district now existing shall continue a body politic as a school corporation, unless hereafter changed as provided by law, and as such may sue and be sued, hold property, and exercise all the powers granted by law, and shall have exclusive jurisdiction in all school matters over the territory therein contained."

"297.1 The board of each school corporation may fix the site for each schoolhouse, * * *." and

"297.7 Before erecting a schoolhouse, the board of directors shall consult with the county superintendent as to the most approved plan for such building, and secure his approval of the plan submitted. * * *."

The pertinent powers granted the city are:

"368.2 Cities and towns are bodies politic and corporate, * * * and shall have the general powers and privileges granted, and such others as are incident to municipal corporations of like character, not inconsistent with the statutes of the state, for the protection of their property and inhabitants, and the preservation of peace and good order therein, * * *."

"368.9 They shall have power to adopt a building code, and they may provide for the regulation and inspection of all construction, major repairs and remodeling, and the installation of electrical, heating, ventilating, air conditioning, and plumbing fixtures, apparatus, and equipment. They shall have power to provide for the removal, repair, or dismantling of any dangerous building or structure and to assess the cost thereof against the property. * * *." and

"368.17 All cities having a population of six thousand or more shall, and other cities and towns may, by ordinance, adopt a set of plumbing regulations not inconsistent with state law or state administrative regulations, and provide for the inspection of plumbing installations. They shall have authority to examine and license plumbers, * * *."

■ A school district is a quasi corporation created by the legislature and has only such powers as are bestowed upon it by statute or necessarily implied to carry out those granted. Its purpose is to carry out the governmental function of public instruction within its jurisdiction. Silver Lake Consolidated School District v. Parker, 238 Iowa 984, 990, 29 N.W.2d 214, 217; and Dean v. Armstrong, 246 Iowa 412, 415, 68 N.W.2d 51, 53.

■ Municipalities have only those powers granted them or which arise from fair implication and those necessary to carry out powers expressly or impliedly conferred, and such grants of power are strictly construed against the authority claimed. Gritton v. City of Des Moines, 247 Iowa 326, 331, 73 N.W.2d 813; and Mason City v. Zerble, 250 Iowa 102, 108, 93 N.W.2d 94.

Both the school district and the city are agencies set up by the legislature to carry out particular governmental functions and each has the authority granted by the legislature or necessarily implied.

The school district does not contend the legislature has by its own enactments set up any regulations or standards for building, electrical work, plumbing, or heating in schoolhouses in cities.

The question before us is, to which of these agencies, the

school district or the city, has the legislature granted the power to prescribe such regulations?

II.   In the excellent briefs filed by counsel for both the school district and the city are authorities that require examination. The theory the city lacked power to control or prescribe regulations for the state or another agency of the state influenced the decisions in Kentucky Institution for Education of Blind v. City of Louisville, 123 Ky. 767, 97 S.W. 402, 8 L. R. A., N. S., 553; Salt Lake City v. Board of Education, 52 Utah 540, 175 P. 654; and City of Milwaukee v. McGregor, 140 Wis. 35, 121 N.W. 642, 17 Ann. Cas. 1002. The Utah court concluded the building regulations of the city could not be enforced but a city regulation requiring a phone connection of the school building with the fire department was valid.

In Board of Education v. City of St. Louis, 267 Mo. 356, 184 S.W. 975, the court took the view, as we do, the question for consideration was to which of its agencies did the legislature grant the power to provide building regulations for school buildings in St. Louis, and held the power was granted to the board of education because the board was directed by statute to appoint a commissioner of school buildings and the commissioner was charged with the responsibility for ventilating, warming, sanitary condition and proper repair of school buildings, and he was directed to prepare all specifications and drawings and superintend all construction. In addition, he was to employ as an assistant an engineer.

In Kansas City v. School District of Kansas City, 356 Mo. 364, 201 S.W.2d 930, the Missouri court reached what is apparently a different result but is actually on the same grounds expressed in the St. Louis case, supra. The court said the question for decision was the same, "Where has the State put the power in the instant action?" The holding of the court was the State had not itself exercised the power, nor had it granted the power as in the St. Louis case, supra, to the school district, the legislature was content the measures to be taken were in the police power of the city.

The school district also relies on Hall v. City of Taft, 47 Cal.2d 177, 302 P.2d 574. In that case the California court

held the city building ordinances were not enforceable against the school district, as we read it, upon two grounds. The first because of constitutional grounds placing the duty of providing for schools upon the legislature and a school could not be placed under the jurisdiction of any other authority. On these and related grounds the court overruled its prior decision, Pasadena School District v. City of Pasadena, 166 Cal. 7, 134 P. 985, 47 L. R. A., N. S., 892, Ann. Cas. 1915B 1039, holding the school districts subject to city building ordinances. The second ground is the legislature has pre-empted the field of regulating the construction of school buildings within municipalities.

The Hall case is helpful to us in that it points out constitutional direction to the legislature and Acts of the legislature completely occupying the field. Neither our Constitution nor the Acts of our legislature does this.

III. The legislature granted the school district "exclusive jurisdiction in all school matters", section 274.1, and "Before erecting a schoolhouse, the board of directors shall consult with the county superintendent as to the most approved plan for such building, and secure his approval of the plan submitted." Section 297.7. No standard as to building, heating, plumbing, or electrical equipment is thereby set up by the board or superintendent nor are they directed to set up any such standards. Section 368.9 on the other hand grants the city the power to adopt a building code for the regulation and inspection of all construction and the installation of electrical, heating, ventilating, air conditioning, and plumbing fixtures, apparatus, and equipment, i.e., the power is granted to set up standards for construction in these areas for public health and safety. The standard is set up in advance of the construction. We cannot believe it was the intention of the legislature to leave such police matters without any prior standards having been fixed. We do not find any other method of providing a standard in these areas. A convincing note here is found in the Hall case from California. In deciding the city was not granted the power in that State the court at page 184 of 47 Cal.2d, page 579 of 302 P.2d said, "The Education Code sets out a complete system for the con-

struction of school buildings." and at the top of page 580 set out the following: "The State Department of Education shall: 'Establish standards for school buildings,' review and approve all plans and specifications for buildings and disapprove those not meeting the standards, furnish plans, specifications and 'building codes,' and make rules and regulations to carry out those activities (id., §§ 18102, 18101)." (Page 185 of 47 Cal.2d)

The school district argues chapter 257, especially sections 257.9 and 257.10(12), appears to vest broad enough power and authority in the State Board of Public Instruction and the State Superintendent to permit them to promulgate uniform building standards for school buildings should they deem it advisable. We have carefully examined chapter 257, particularly the sections cited, and we do not find such grant of power. The language used in chapter 257 is directed to carrying out the school laws of the State and improving the quality of education the children receive; there is reference to administrative duties and handling school funds. Nothing therein suggests authority to prescribe a building code. The State Board and State Superintendent have not so interpreted the chapter by acting thereon. They have, however, provided extensive standards relating to the quality of education, teachers, school lunches, transportation, and veterans' training, 1958 I. D. R., pages 253–294.

The school district also urges "all construction" in section 368.9 does not include school buildings and cites Salt Lake City v. Board of Education, 52 Utah 540, 175 P. 654, wherein the court held a building code specifying all buildings and public buildings did not include school buildings because they were not specifically set out. This conclusion was reached, at least in part, because the power included the right to prevent overcrowding and to regulate the placing and use of seats, chairs and other appliances, thought to be inconsistent with a school building being included. The word "all" is commonly understood, and when so used does not admit of an exception or exclusion not specified. Section 368.9 is clear and we see no logical reason to hold it means less than it says. There is nothing in chapter 368 indicating or requiring a limitation. Cook County v. City of Chicago, 311 Ill. 234, 142 N.E. 512, 31 A. L. R. 442.

■ It is urged, to subject the school district to the city's building code would allow the city to exercise control over the school district and usurp the power of the superintendent to approve the plans. This is not the result. Building codes, exclusive jurisdiction of school matters, and approved plans for a school building deal with different subject matter. Building codes are police measures to protect health and safety. In no sense are they school matters. The control of the plans of the building as well as the actual operation of the school building is left in the hands of school authorities. The planning of the building in all matters other than the matters covered by the building codes is left with school authorities. Section 297.7 uses only the word "plan", it does not refer to "plans and specifications" or details of construction. As here used "plan" refers to the over-all arrangement of the building for school purposes and does not reach the details of specifications or building codes.

■ We hold the legislature granted the authority to the city in section 368.9 to adopt a building code and school buildings within the city are subject to the provisions adopted. Upon examination the grant of power is clear and free from doubt. There is no conflict with the power granted the school district to build and repair schoolhouses, the city is limited to the area covered by its building codes pursuant to statute, and in all other matters the schoolhouse is within the authority granted the school district.

The case is reversed and remanded for a decree in conformity herewith, dissolving the injunctions against defendant-City and its officers and declaring the plaintiff school district subject to the relevant city ordinances as amended.—Reversed and remanded.

All JUSTICES concur except LARSON, C. J., who dissents.