CITY OF BLOOMFIELD, a municipal corporation, appellee, v. DAVIS COUNTY COMMUNITY SCHOOL DISTRICT et al., appellants.

No. 50872.

(Reported in 119 N.W.2d 909)

FEBRUARY 12, 1963.

Barnes, Schlegel & McGiverin, of Ottumwa, for appellants.

. D. W. Harris, of Bloomfield, for appellee.

GARFIELD, C. J.—This is an action in equity by the City of Bloomfield to enjoin defendants, Davis County Community School District, and its contractor, Robert H. Boatman, from installing in a restricted residential district in plaintiff-city a bulk storage tank for gasoline and a pump to supply its school buses therewith. (For convenience we disregard the fact the board of school directors is also a defendant.) By cross-petition defendants sought to enjoin the city from interfering with their construction of the "facility" and, if a permit therefor is necessary, to compel its issuance by mandamus. Following trial to the court there was a decree for plaintiff from which defendants appeal.

On September 19, 1933, the council of plaintiff-city passed ordinance 84 designating and establishing a restricted residential district in the city. Section 2 of the ordinance provides: "That no buildings or other structures, except residences, schoolhouses, churches, and other similar structures shall hereafter be erected, reconstructed, altered, repaired or occupied within said district without first securing from the city council permit therefor; * * *."

Section 3 of the ordinance provides: "Any building or structure erected, altered, repaired or used in violation of any of the provisions of this ordinance, is hereby declared to be a nuisance, * * *."

The ordinance is closely patterned after the one upheld against vigorous attack on constitutional and other grounds in City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1099, 1100, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322, 1326, 1327. Practically identical ordinances are also upheld in Marquis v. City of Waterloo, 210 Iowa 439, 440, 441, 228 N.W. 870, and Scott v. City of Waterloo, 223 Iowa 1169, 1171, 274 N.W. 897. See also Cecil v. Toenjes, 210 Iowa 407, 228 N.W. 874, and Yeanos v. Skelly Oil Co., Inc., 220 Iowa 1317, 263 N.W. 834.

Defendant school district covers most of Davis and part of Van Buren Counties. It is required by statute to provide transportation to the pupils within the district who are entitled to it (section 285.10(1), Codes, 1958, 1962). For such purpose the district owns 38 buses, 16 of which come into Bloomfield everyday. (The district conducts a school in seven places other than Bloomfield.) About 450 pupils are transported by bus to the high school in Bloomfield. In the past the buses have been supplied with gasoline at privately owned filling stations throughout the district.

To service its buses in the future the district proposes to install on vacant ground owned by it a gasoline storage tank and a pump like those at filling stations. The location is in the restricted residential district ordinance 84 designates. The tank is to be 25 feet long, 9 feet in diameter, with a capacity of 12,000 gallons. Top of the tank would be three feet below ground. A concrete platform would "carry" the buses. An architect pre-

pared plans and specifications for the facility. A contract for the construction was awarded defendant Boatman. When he applied to the city council for a permit for the construction it was refused. When Boatman commenced the construction without securing the permit this action was commenced.

The tract on which defendants propose to locate the facility is 290 feet long and 177.5 feet deep. It faces south on an east-and-west street north of the high-school football field which in turn is east of the high school. West of the tract just referred to, between it and the north-and-south street along the west side of the high school, are six residences and no vacant lots. East of the tract is a vacant lot, then a residence and then a swimming pool and park. This part of the city is only sparsely built up with residences.

. The only contention of defendants we find it necessary to consider is that ordinance 84 should not be held applicable to them to prevent installation on this school-owned site of this gasoline facility for servicing its school buses because the school district is an arm of the State and proposes to use its property for a governmental purpose.

The ordinance was obviously enacted under the authority of what are now sections 415.1 to 415.3, Codes, 1958, 1962, and is an exercise of the police power delegated to the city. City of Le Mars v. Fisch, 251 Iowa 149, 153, 100 N.W.2d 14, 17, and citations. The Le Mars case properly refers to such an ordinance as a zoning ordinance (page 152 of 251 Iowa, page 16 of 100 N.W.2d).

The law seems quite well settled that a municipal zoning ordinance is not applicable to the State or any of its agencies in the use of its property for a governmental purpose unless the legislature has clearly manifested a contrary intent. City of Scottsdale v. Municipal Court, 90 Ariz. 393, 368 P.2d 637, 639; Town of Atherton v. Superior Court, 159 Cal. App.2d 417, 324 P.2d 328; Pruett v. Dayton, Del. Ch., 168 A.2d 543, 544, 545.; City of Medford v. Marinucci Bros. & Co., Mass., 181 N.E.2d 584, 587, 588, and citations; Nehrbas v. Village of Lloyd Harbor, 2 N. Y.2d 190, 159 N. Y. S.2d 145, 140 N.E.2d 241, 61 A. L. R.2d 965, 968, and annotation, 970; Stiger v. Village of Hewlett Bay

Park, 283 App. Div. 827, 129 N. Y. S.2d 38; State ex rel. Ohio Turnpike Comm. v. Allen, 158 Ohio St. 168, 107 N.E.2d 345, 350; Green County v. City of Monroe, 3 Wis.2d 196, 87 N.W.2d 827, 828, 829; 2 Metzenbaum Law of Zoning, Second Ed., chapter X-i-(2), page 1280; McQuillin Municipal Corporations, Third Ed., section 25.15; Rhyne Municipal Law, section 12-8.

Rhyne, section 32-35, pages 925, 926, states: "As a general proposition, the state, its agencies, counties and other subordinate governments need not comply with municipal zoning regulations, * * *. School districts, too, in performance of state functions, are not subject to a municipal zoning amendment excluding the erection of schools within the municipality."

101 C. J. S., Zoning, section 135, says, "Ordinarily, a governmental body is not subject to zoning restrictions in its use of property for governmental purposes."

The underlying logic of some of these authorities is, in substance, that the legislature could not have intended, in the absence of clear expression to the contrary, to give municipalities authority to thwart the State, or any of its agencies in performing a duty imposed upon it by statute.

■ There can be no doubt the school district is an arm or agency of the State and that the maintenance of public schools, including providing transportation to the pupils entitled to it as required by statute, is a governmental function. Certainly it is not a proprietary one. See Cedar Rapids Community School Dist. v. City of Cedar Rapids, 252 Iowa 205, 208, 106 N.W.2d 655, 657, and citations; Waddell v. Board of Directors, 190 Iowa 400, 406, 175 N.W. 65; Nehrbas v. Lloyd Harbor, supra, 2 N. Y.2d 190, 159 N. Y. S.2d 145, 140 N.E.2d 241, 61 A. L. R.2d 965, 968; 78 C. J. S., Schools and School Districts, section 12.

We will refer to statutes which we think clearly require the school district not only to provide transportation to all pupils legally entitled to it but to do so in the most economical manner. Some of these laws, however, may bear on the question only indirectly.

Article IX, section 15, of our State Constitution confers power on the General Assembly to provide for the educational interest of the State.

Section 274.1, Codes, 1958, 1962, provides each school district shall "exercise all the powers granted by law, and shall have exclusive jurisdiction in all school matters over the territory therein contained."

Code section 297.1 states, "The board of each school corporation may fix the site for each schoolhouse, * * *." Section 297.3 says, "Any school corporation * * * may take and hold an area equal to two blocks * * * for a schoolhouse site, and not exceeding thirty acres for school playground, stadium, or field house, *or other purposes for each such site.*" (Emphasis added.)

Section 285.10, which requires local school boards to provide transportation for each pupil legally entitled thereto, states, in subsection 2, that local school boards "Establish, maintain and operate bus routes for the transportation of pupils so as to provide for the economical and efficient operation thereof * * *." Section 285.10 also provides, in subsection 5, that local boards "Exercise any and all powers and duties relating to transportation of pupils enjoined upon them by law."

Section 285.11 provides, in subsection 6, that in the operation of bus routes and contracting for transportation, "The boards shall take advantage of all tax exemptions on fuel, equipment, *and of such other economies as are available.*" (Emphasis added.)

We think furnishing economical transportation to pupils entitled to it is as much a school matter, over which the district has exclusive jurisdiction, as maintenance of the school buildings or location of the high-school football field. (Plaintiff concedes a football stadium is generally held to come within the meaning of a schoolhouse. See also Livingston v. Davis, 243 Iowa 21, 27, 50 N.W.2d 592, 596, 27 A. L. R. 2d 1237.)

The evidence is undisputed it is economical for the school district to own its buses. It can save eight to ten cents a gallon from buying gasoline for them in bulk and putting it in the buses itself. Bloomfield is maintenance headquarters for the buses the district owns. Many of them have been parked over night for a year or more on the tract where it is proposed to locate this tank and pump. As stated, the district owns the ground. It is most convenient to the school and can be super-

vised with the same personnel. The school board carefully considered the matter of installing the facility on this site. The state department of public instruction recommended the action the board took. The state fire marshal approved the plans prepared by the architect. No abuse of discretion on the part of anyone is claimed or shown.

At least three school districts in the same part of the State have a similar gasoline facility near a school in the city. It is not uncommon for other districts in the State to own or lease their own gasoline tanks and pumps to supply their buses. There is evidence such a facility is a definite part of such a school system as this.

No statute has come to our attention which indicates a clear legislative intent that the State or such of its agencies as defendant district, in the use of its property for a governmental purpose, must comply with a municipal zoning ordinance. Unless our decision is to be contrary to the uniform current of authority on the subject, we must hold defendant district, in the location of this tank and pump to supply fuel to its buses, is not subject to ordinance 84.

Nor is defendant district's contractor, Boatman, subject to the ordinance while installing the tank and pump on the ground in question. It is hardly to be expected that the school board or its superintendent would personally make the installation. It is common knowledge labor and material for such a project are usually supplied under contract. The district's immunity from the zoning ordinance here would be of little value if it did not also apply to its contractor. City of Medford v. Marinucci Bros. & Co., supra, Mass., 181 N.E.2d 584. See also City of Scottsdale v. Municipal Court, supra, 90 Ariz. 393, 368 P.2d 637.

We think this opinion does not conflict with our decision in Cedar Rapids Community School Dist. v. City of Cedar Rapids, supra, 252 Iowa 205, 106 N.W.2d 655, that the school district was subject to certain building ordinances of the city in renovating and constructing school buildings. No zoning ordinance or question as to the district's right to make use of its property in performing a duty enjoined on it by law—such as

transportation of pupils—was there involved. The two cases are further to be distinguished on the ground that here the State appears to have taken over the field of legislation. pertaining to transportation of pupils and therefore municipalities may not interfere in that field. See 101 C. J. S., Zoning, section 10.

Defendants are entitled to an injunction to restrain plaintiff from interfering with their installation of the gasoline tank and pump on the ground owned by the school district north of the high-school football field. For decree accordingly the cause is—Reversed and remanded.

All JUSTICES concur.