ROY GOEKE AND PAT GOEKE, HUSBAND AND WIFE, ET AL.,
APPELLEES, v. NATIONAL FARMS, INC., A DELAWARE CORPORATION,
DOING BUSINESS AS NATIONAL FARM PRODUCTS, AND O.N.
CORPORATION, A NEBRASKA CORPORATION, APPELLANTS.

512 N.W.2d 626

Filed March 4, 1994.   No. S-92-210.

David A. Domina and Cletus W. Blakeman, of Domina & Copple, P.C., for appellants.

Steven D. Burns and Jeffrey S. Schmidt, of Burns & Associates, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

FAHRNBRUCH, J.

National Farms, Inc., and its wholly owned subsidiary, O.N. Corporation, appeal a district court's ruling that offensive odors from the appellants' swine-raising facility created a nuisance and that the plaintiffs were entitled to an injunction and monetary damages.

Although the plaintiffs-appellees were misjoined in their claim for monetary relief, the misjoinder did not prejudice the appellants.

We affirm the injunction and damage awards entered by the district court for Holt County.

## ASSIGNMENTS OF ERROR

Summarized and restated, the appellants' assigned errors are that the district court erred in (1) allowing multiple plaintiffs to join in one suit; (2) finding the appellants' swine-raising facility to be a nuisance; (3) refusing to admit certain evidence, including testimony as to the economic and social benefits provided by the appellants' facility; (4) receiving evidence about the appellants' operations in Colorado; (5) rendering a judgment affected by the court's own prejudices; (6) granting an injunction and awarding monetary damages; (7) failing to apply a different standard and burden of proof in adjudicating the plaintiffs' claim for damages; (8) imposing excessive damages; (9) overruling the appellants' motion for new trial; and (10) refusing to set a supersedeas bond during appeal.

## STANDARD OF REVIEW

An action for an injunction sounds in equity. *County of Dakota v. Worldwide Truck Parts & Metals, ante* p. 196, 511 N.W.2d 769 (1994). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, when credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. See *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 507 N.W.2d 465 (1993).

An appellate court has an obligation to reach its own independent conclusions as to questions of law. *Drew v. Walkup*, 240 Neb. 946, 486 N.W.2d 187 (1992); *State v. Melcher*, 240 Neb. 592, 483 N.W.2d 540 (1992).

## FACTS

During the relevant times involved in this case, the appellants operated a swine-raising facility east of Atkinson which housed some 80,000 to 85,000 head of swine. After another couple sued the appellants because of offensive odors emanating from the swine-raising facility, Kaup v. National Farms Inc., and O.N. Corporation, Holt County District Court, case No. 18235, see *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994), the plaintiffs, three married couples and two widows, filed a petition seeking an injunction to prevent the appellants from continuing to produce the offensive odors. The plaintiffs were given leave to amend their petition to also request monetary damages.

One couple, Roy and Pat Goeke, lived about 3½ miles north of the appellants' facility until they moved to Atkinson in April 1989. Roy Goeke testified at trial in the fall of 1991 that he was still working on or near his property. At the time of trial, the second couple, Donald and Angela Marcellus, still lived 3½ to 4 miles northeast of the appellants' facility; Jayme N. and Connie J. Seger lived about 2½ miles north of the facility; Helen L. Seger, Jayme's mother, lived half a mile north of her son and daughter-in-law; and Lavern A. Sicheneder lived 2½

miles east of the facility.

In their petition, the above-named plaintiffs claimed that the appellants' waste-treatment system was inadequate to prevent offensive odors from interfering with the use and enjoyment of their property. The evidence reflects that the appellants' swine operation's waste-treatment system consisted of screening and separating solid from liquid waste, spreading the solid waste over adjacent fields owned by the appellants, and pumping the liquid waste into lagoons from which it was eventually disposed of through a center-pivot irrigation system on the appellants' surrounding ground.

The appellants demurred to the plaintiffs' second amended petition, claiming that the petition misjoined plaintiffs, misjoined causes of action, and failed to allege sufficient facts to constitute a cause of action. The district court overruled the appellants' demurrer.

After a trial, the district court found that the appellants' waste-treatment operation created a nuisance and enjoined the appellants from producing the offensive odors. The court directed the appellants either to cease operating their facility or to take prompt and reasonable steps to abate the odors. The trial court also awarded each couple $75,000 and each widow $37,500 in damages.

## ANALYSIS

### JOINDER

Neb. Rev. Stat. § 25-311 (Reissue 1989) provides that "[a]ll persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs . . . ." Thus, multiple plaintiffs may join in one suit to enjoin a nuisance so long as the alleged nuisance interferes with the rights of each plaintiff joined. See, *City of Le Mars v. Fisch*, 251 Iowa 149, 100 N.W.2d 14 (1959); *J. N. Griffith v. Jake Hurt*, 200 Tenn. 133, 291 S.W.2d 271 (1956); *Mutual Service Funeral Homes v. Fehler*, 257 Ala. 354, 58 So. 2d 770 (1952); *Bajorek v. Kurtz*, 335 Mich. 58, 55 N.W.2d 727 (1952). See, also, 58 Am. Jur. 2d *Nuisances* § 387 (1989); 66 C.J.S. *Nuisances* § 124 (1950).

In the case under consideration, each plaintiff possessed the

right to enjoy and use his or her own property free from offensive odors, and each plaintiff established at trial that the appellants' waste-treatment system had interfered with that right. Hence, all the plaintiffs had an interest in the subject of the action, i.e., the alleged nuisance created by the appellants' waste-treatment system. In addition, all the plaintiffs had an interest in obtaining the equitable relief demanded, that is, an injunction against the appellants' continued interference with their rights. Consequently, the plaintiffs were properly joined in an action against the appellants for an injunction.

In their second amended petition, the plaintiffs also sought monetary damages. It is in this aspect of the lawsuit that we find a misjoinder. Because any one plaintiff would have no interest in the monetary relief demanded by each of the others, as required by § 25-311, the plaintiffs were misjoined as to their demand for monetary damages. See, also, *Griffith, supra*; *Bajorek, supra*.

However, regardless of any joinder error, we decline to reverse the trial court because the appellants have not shown prejudicial error on that ground. Absent prejudice of a party's substantial rights, an appellate court may disregard procedural errors committed by a trial court. See, Neb. Rev. Stat. § 25-853 (Reissue 1989); *Ravenna Bank v. Custom Unlimited*, 223 Neb. 540, 391 N.W.2d 557 (1986). Regarding procedural errors, prejudicial error must appear affirmatively in the record, and the party appealing from the judgment has the burden of showing prejudice. *Insurance Co. of North America v. Hawkins*, 197 Neb. 126, 246 N.W.2d 878 (1976).

In the present case, the appellants claim that they were prejudiced by having to defend against multiple claims for damages in a single lawsuit. It is true that the plaintiffs lived different distances from the appellants' operation, and one couple moved away from their farm 2 years before trial. Although Roy Goeke testified that he continued to work on or near his property, his wife testified that she had not routinely visited the farm since they had moved to Atkinson. In addition, each plaintiff described varying degrees of physical discomfort caused by the odors emanating from the appellants' operation. Some plaintiffs complained only of headaches and stuffiness,

while others described feeling unable to breathe and nauseated.

We are mindful that the standard of review applicable in reviewing questions of fact is de novo. However, when questions of fact involve the assessment of money damages, an appellate court will not set aside such judgment if it is within the range of the evidence and is not arbitrary. See *Botsch v. Leigh Land Co.*, 205 Neb. 401, 288 N.W.2d 31 (1980). Here, the damage awards were within the range of the evidence presented. The appellants' assignment of error in regard to joinder has no merit because the appellants have not shown that they were prejudiced by the misjoinder of the plaintiffs in this action.

### FINDING OF A NUISANCE

Having found that the appellants suffered no prejudice because of the misjoinder, we turn to the appellants' claim that the trial court erred in finding a nuisance and to those summarized and restated assignments of error related to that finding.

In a 1986 decision, Kaup v. National Farms, Inc., and O.N. Corporation, Holt County District Court, case No. 18235, the district court determined (1) that during the period from August 15, 1985, to September 18, 1986, an unreasonable amount of odor and flies came from the National Farms and O.N. swine-raising facility; (2) that during that same period of time, National Farms and O.N. were operating the facility with the knowledge that unreasonable odor and flies interfered with the use and enjoyment of some surrounding property; and (3) that during any period of time from August 15, 1985, to the date of the verdict in that case, National Farms and O.N. were legally responsible for any damage that any person received from unreasonable odor or flies coming from the swine-raising facility. *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994).

Based on the Kaup decision, we determined in *Kopecky* that the doctrine of collateral estoppel precluded a relitigation in *Kopecky* as to the issue of whether the National Farms and O.N. operation created a nuisance. We held that National Farms and O.N. were bound as a matter of law by the district

court's prior determination on the issue of nuisance in Kaup. We further found that because there had been no substantial change in the National Farms and O.N. operation since the district court had decided Kaup, the issue of nuisance should not have been submitted to the jury in *Kopecky*.

When cases are interwoven and interdependent and a controversy has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has the right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action. See, *State ex rel. Pederson v. Howell*, 239 Neb. 51, 474 N.W.2d 22 (1991); *Dakota Title v. World-Wide Steel Sys.*, 238 Neb. 519, 471 N.W.2d 430 (1991).

In our de novo review of the injunction proceedings in this case, we take judicial notice of our decision in *Kopecky* that the appellants are estopped from denying the existence of the nuisance involved in interwoven and interdependent cases. The present case and *Kopecky* are undeniably interwoven and interdependent. Both cases involve the same defendants-appellants and the same alleged nuisance, and the plaintiffs here and in *Kopecky* were similarly situated and affected by the National Farms and O.N. waste-treatment operation. That the appellants' waste-treatment system constituted a nuisance to surrounding property owners was established in Kaup and upheld as a matter of law in *Kopecky*, at least for the periods of time relevant in those cases.

*Kopecky* was tried in April 1991, while this case was tried approximately 6 months later. The evidence reflects no substantial change in the appellants' waste-treatment operation between the dates that *Kopecky* and this case were tried. Consequently, in the case at bar, we take judicial notice of the holding in *Kopecky* that the appellants' waste-treatment operation constituted a nuisance and affirm the district court's finding on the issue of nuisance. We therefore need not address the appellants' other assignments of error related to the district court's finding of a nuisance. That includes appellants' summarized and restated assignments of error Nos. 2 and 3.

In summarized and restated assignment of error No. 4, the appellants complain that the district court admitted testimony

regarding their operations in Colorado. In *Kopecky*, we held that admitting similar evidence was harmless, since liability was established in that case as a matter of law pursuant to the doctrine of collateral estoppel. The same rule applies in this case. Appellant's assignment of error No. 4 is meritless.

We next consider summarized and restated assignment of error No. 5 regarding judicial bias. Because of our de novo review, the trial court's judicial notice of the matters complained of by the appellants is of no consequence. The judicially noticed matters referred to by the appellants were in regard to whether the appellants created a nuisance. Since, as a matter of law, the appellants were estopped from denying that they created a nuisance, any error the trial court made in taking judicial notice of the matters complained of is harmless. Moreover, in our de novo review of the issue of whether a nuisance was created by the appellants, we have disregarded the trial court's judicially noticed matters of which the appellants complain.

### GRANTING OF INJUNCTION AND DAMAGES

In taking judicial notice of *Kopecky*, we note that the plaintiffs in both Kaup and *Kopecky* sought only monetary damages at law and not an injunction in equity, as the plaintiffs have in this case. In *Hall v. Phillips*, 231 Neb. 269, 436 N.W.2d 139 (1989), this court indicated that different standards are applicable to awarding damages for a nuisance at law and to granting an injunction in equity.

We determined in *Hall* that although the standards have semantical distinctions, they are in reality consistent and essentially pertain to the same type of conduct. We also noted that the standard in law, adopted from the Restatement (Second) of Torts § 822 (1979), requires that the interference be unreasonable, while "for a nuisance in the context of an equity action, the invasion of or interference with another's private use and enjoyment of land need only be substantial." *Hall*, 231 Neb. at 278, 436 N.W.2d at 145.

We have not found that this court has ever attempted to define substantial interference in the context of a suit to enjoin or abate a nuisance. We have repeatedly stated that to justify the

abatement of a claimed nuisance, the annoyance must be such as to cause actual physical discomfort to one of ordinary sensibilities. There is a presumption, in the absence of evidence to the contrary, that a plaintiff in an action for abatement of a nuisance has ordinary sensibilities. *Flansburgh v. Coffey*, 220 Neb. 381, 370 N.W.2d 127 (1985); *Cline v. Franklin Pork, Inc.*, 219 Neb. 234, 361 N.W.2d 566 (1985); *Burgess v. Omahawks Radio Control Org.*, 219 Neb. 100, 362 N.W.2d 27 (1985); *Daugherty v. Ashton Feed and Grain Co., Inc.*, 208 Neb. 159, 303 N.W.2d 64 (1981).

The appellants produced no evidence that any of the plaintiffs were not of ordinary sensibilities, and all of the plaintiffs testified that the odors emanating from the appellants' waste-treatment operation had caused them to suffer actual physical discomfort. By their testimony, the plaintiffs established that they suffered damages as a proximate result of the nuisance caused by the appellants' waste-treatment operation. We, therefore, affirm the district court's granting an injunction prohibiting the appellants from producing offensive odors and ordering the appellants to abate the odors produced by their waste-treatment system or cease operating their facility.

When an equity court has properly acquired jurisdiction in a suit for equitable relief, it will make a complete adjudication of all matters properly presented and involved in the case and ordinarily will grant such relief, legal or equitable, as may be required and thus avoid unnecessary litigation. See, *Global Credit Servs. v. AMISUB*, 244 Neb. 681, 508 N.W.2d 836 (1993); *Ogle v. Lincoln Real Estate, Inc.*, 209 Neb. 704, 310 N.W.2d 513 (1981). Therefore, the district court could properly award damages for injuries that the plaintiffs proved were proximately caused by the nuisance created by the appellants' waste-treatment system. See, e.g., *Flansburgh*, supra; *Botsch v. Leigh Land Co.*, 205 Neb. 401, 288 N.W.2d 31 (1980). Just because an action is equitable in nature, no different standards need be applied in adjudicating damages incidental to the main equitable relief sought. Summarized and restated assignments of error Nos. 6 and 7 are meritless.

## DAMAGES

For damages suffered, each individual plaintiff was awarded $37,500, and each couple was jointly awarded $75,000. The appellants claim that these damages are excessive. With regard to allegedly excessive verdicts, we have held that a verdict will not be set aside on appeal unless it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, or mistake, or it is clear that the trier of fact disregarded the evidence or rules of law. *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994); *Williams v. Monarch Transp.*, 238 Neb. 354, 470 N.W.2d 751 (1991). The appellants have failed to show that the damages awarded to the plaintiffs in this case are so clearly exorbitant as to indicate that they were the result of passion, prejudice, or mistake or that in fixing the awards of damage, the trial judge disregarded the evidence or rules of law. The appellants' summarized and restated assignment of error No. 8 has no merit.

## MOTION FOR NEW TRIAL

A district court's denial of a motion for new trial will be affirmed when the court's decision is neither prejudicial nor an abuse of discretion. *Kopecky, supra*; *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993). Considering our de novo review and determination that the appellants' assignments of error are meritless, we find that the district court's denial of the appellants' motion for new trial was neither prejudicial nor an abuse of its discretion.

## REQUEST FOR SUPERSEDEAS BOND

The appellants claim that the district court should have required the plaintiffs to post a supersedeas bond to protect the appellants against unnecessary expenditures in the event that we would reverse the injunction on appeal. Because we have affirmed the district court's injunctive order, we need not consider summarized and restated assignment of error No. 10.

## CONCLUSION

We find that the plaintiffs were misjoined as to their claim for monetary relief. However, because the appellants have failed to show that they were prejudiced by the misjoinder and

because the appellants' other summarized and restated assignments of error are meritless, we affirm the district court's judgment in all respects.

AFFIRMED.