Miller v. Ruzicka.

---

THOMAS J. MILLER, APPELLEE, V. JOSEPH E. RUZICKA ET AL., APPELLANTS.

FILED MARCH 22, 1924.   No. 23663.

1.  Appeal in Equity: PROCEDURE ON REMAND. "Where, in an equitable action, the decree of the trial court is reversed, and the case remanded generally, the situation of the parties is the same as at the beginning of the trial, and, in the exercise of a sound discretion vested in the trial court, amendments of the pleadings may be made, not inconsistent with the opinion of the appellate court, and a trial of all the issues had *de novo.*" *Pinkham v. Pinkham,* 60 Neb. 600, followed.

2.  Specific Performance: PEREQUISITES TO RELIEF. Ordinarily, a vendor in a contract for the conveyance of lands must either substantially perform or tender substantial performance of the contract before he is entitled to maintain an action for specific performance or an action of foreclosure on the contract for a breach thereof by the vendee.

3.  ———: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* that the plaintiff has not tendered a substantial performance of the contract. Also, *held* that defendants are entitled to recover from plaintiff the amount paid upon the contract.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Reversed, with directions.*

*George A. Eberly* and *M. F. Harrington,* for appellants.

*J. J. Harrington* and *Courtright, Sidner, Lee & Gunderson, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, and DAY, JJ., REDICK, District Judge.

DAY, J.

This is the second appearance of this case in this court, our former opinion being reported in 109 Neb. 152. By our former opinion the judgment of the district court, granting the plaintiff the relief prayed, was reversed, for reasons therein stated, and the cause remanded for further proceedings. Upon being remanded, the plaintiff amended the prayer of his petition to conform to the views expressed in our opinion. The defendants thereupon filed answers which enlarged the defenses contained in the original answers. The second trial also resulted in a judgment in favor of the plaintiff. Defendants have again appealed.

For the purpose of a better understanding of the discussion, a brief reference to the pleadings, as well as to the controlling facts, will be made. The plaintiff, Miller, by this action sought to foreclose a land contract wherein he agreed to sell and the defendants Ruzicka to purchase a certain quarter-section of land in Holt county. The contract which forms the basis of this action was in writing, dated October 6, 1919, and was fully set out in the plaintiff's petition. The contract provided in substance that the plaintiff was to convey to the defendants on or before March 1, 1920, the Holt county land. The contract recited that the land was "valued at $24,180." The defendants upon their part were to convey to the plaintiff on or before November 1, 1919, a property in Clarkson, Nebraska, which the contract recited was "valued at $4,500." Defendants were also to turn over to the plaintiff on the date of the

contract, $1,900 in liberty bonds, which were to be received
by the plaintiff in lieu of that amount in cash. They were
also to pay on March 1, 1920, $2,780, the date upon which
the deed to the Holt county land was to be delivered. The
possession of the Holt county land was not to be given until
March 1, 1921, and it was agreed that the defendants
should receive a credit on the contract of $1,000 for the
use of the land. For the balance, $14,000, the defendants
were to execute a mortgage on the land. The contract con-
tained the following provisions:

"The said above described property (Holt county land)
to be valued at $24,180, and to be free and clear of all in-
cumbrance, except as hereinafter stated $14,000 to be exe-
cuted in mortgage or mortgages, or part assumed and part
executed, same to run 5 years from March 1, 1920, at 6 per
cent. net, and optional to pay $100 at interest pay days. Par-
ty of first part (plaintiff) agrees to renew above mortgage at
end of 5 years. * * * All conveyances to be made by
warranty deed, and deeds to be changed on or before March
1, 1920, at the Wolf Bank, Clarkson, Nebraska: Each
party to furnish the other, within 30 days from date here-
of, with an abstract of the property to be conveyed by him,
showing a good and sufficient title to said real estate, free
and clear from all incumbrance except as herein recited,
$14,000 to be carried on Holt county land."

The petition alleged that on January 5, 1920, the plain-
tiff had executed a mortgage on the land for $6,000 in fa-
vor of Julius Duft, bearing interest at 6 per cent. payable
annually, and due March 1, 1925, the mortgagor to have
the option to pay $100 or any multiple thereof on any in-
terest date. It was the theory of the plaintiff that he had
tendered full performance of the contract on his part, but
that defendants had failed and refused to carry out the
contract, except that they had paid thereon the sum of
$1,900. The plaintiff prayed for an accounting of the
amount due upon the contract; that the defendants be fore-
closed of their equity of redemption; and that the lands be
sold as upon execution to satisfy the amount found due.

As to the Clarkson property, conforming to the views of our former opinion, the plaintiff prayed for specific performance, or for judgment for the value of the land in case the defendants were unable to convey.

The answers of the defendants pleaded lack of jurisdiction of the court, fraud on the part of the plaintiff in procuring the contract, defects in the title to the land to be conveyed by plaintiff, and also set up in greater detail than was contained in the answers on the first trial facts showing that the plaintiff had not fully performed or tendered performance of the contract. The trial court decreed specific performance of the contract as to the Clarkson property, and upon an accounting found there was due to the plaintiff upon the contract $10,780 with interest, and decreed foreclosure of the contract upon the Holt county land for said sum. It is shown that on November 7, 1919, Ruzicka notified the plaintiff that he had discovered that plaintiff had fraudulently represented the nature, quality, and value of the land, and also stated that he had learned that there was a defect in the plaintiff's title, although at that time no abstract had been furnished by the plaintiff. He also notified plaintiff that he had elected to rescind the contract, and asked for a return of the $1,900 which he had paid upon the contract. In our former opinion, it was held that the court had jurisdiction; that the objections to the title had been perfected before the decree was entered, and that that defense was not available to defendants as a basis for rescission; and that the allegations of fraud were not sustained. We held, however, that the plaintiff's remedy, so far as it affected the property which defendants were to convey to the plaintiff, was by action for specific performance, or damages for failure to perform, and that the court erred in including in the foreclosure the amount agreed upon between the parties in the contract as the value of the Clarkson property. The judgment was reversed and the cause remanded, with leave to the plaintiff to amend the prayer of his petition, and with directions "that the trial court take further proceedings in accordance herewith."

Miller v. Ruzicka.

The defense that the plaintiff had not performed or tendered performance of the contract on his part, while perhaps presented by the evidence, was not passed upon in our former opinion. On the second trial the evidence which was introduced upon the first trial was offered and received in evidence, and also additional evidence relating to the defense of fraud, and evidence that the plaintiff had not fully performed his part of the contract when the cause was instituted.

It is argued by the defendants that the trial court took the position that, under our opinion and mandate, there was nothing for the court to do except to grant specific performance on the part of the defendants as to the Clarkson property, and to decree foreclosure of the contract, reducing the amount found due upon the first trial to the extent of the value of the Clarkson property. It is not entirely clear that this was the view of the court, although this might be well inferred from the judgment rendered. This, however, is not very material, as the case is before us for trial *de novo.* By our mandate it was intended that the case should be sent back for a retrial.

The rule established in this state is stated in *Pinkham v. Pinkham,* 60 Neb. 600, as follows: "Where, in an equitable action, the decree of the trial court is reversed, and the case remanded generally, the situation of the parties is the same as at the beginning of the trial, and, in the exercise of a sound discretion vested in the trial court, amendments of the pleadings may be made, not inconsistent with the opinion of the appellate court, and a trial of all the issues had *de novo.*" This principle is sustained in *Badger Lumber Co. v. Holmes,* 55 Neb. 473, and *Troup v. Horbach,* 57 Neb. 644.

The record shows that on January 5, 1920, Miller and his wife executed a mortgage of $6,000 upon the Holt county land; that on February 21, 1920, Miller and his wife executed a warranty deed to the Holt county land, in which the defendants were named as grantees. The deed recited that it was "subject to one certain first mort-

gage for the principal sum of $6,000. The grantee of this deed assumes and agrees to pay the above described mortgage on said land, together with interest thereon from and after March 1, 1920; subject likewise to an existing lease on said premises for the year 1920."

The record shows that on March 1, 1920, Miller went to the bank with the deed and also a blank mortgage for $8,000 for Ruzicka to execute in favor of the plaintiff. He notified Ruzicka that he was there ready to receive the $2,780 in cash, and the deed to the Clarkson property; to deliver the deed to the Holt county land; and to have Ruzicka execute a mortgage for $8,000 on the Holt county land. Ruzicka refused to proceed with the contract.

As before stated, the plaintiff's cause of action is to foreclose a vendor's lien based upon the contract between the parties. It seems fundamental that, unless the plaintiff has substantially performed his part of the contract, or tendered a substantial performance, he would have no standing in an action to foreclose the contract, or to demand specific performance. It is the claim of the plaintiff that his readiness to deliver the deed to the defendants, and the execution by them of an $8,000 mortgage upon the land to him, together with the payment of $2,780 cash, and the conveyance by the defendants of the Clarkson property, would be a full performance of the contract. In determining whether the plaintiff had tendered full performance of the contract, it is necessary to examine the terms of the contract, as well as the acts done by plaintiff in performance thereof. Under the terms of the contract the defendants were obligated, among other things, to execute a mortgage on the Holt county land to the plaintiff for $14,000 as a part performance of the contract, or to assume a mortgage on the land for that sum, or to assume a mortgage for part of that amount and execute a mortgage for the difference between the amount assumed and $14,000. By the terms of the contract an option was reserved to the defendants to renew the mortgage of $14,000

on the same terms for an additional period of 5 years. The $6,000 mortgage described in the deed tendered by the plaintiff was dated January 5, 1920, and due March 1, 1925. By the terms of the deed tendered the grantee assumed and agreed to pay this mortgage. The mortgage bore interest at the rate of 6 per cent. payable on March 1, each year, but there is nothing in the mortgage giving the right to the mortgagor or his assigns to renew the same. It needs no argument to show that the right of renewal of a mortgage is a valuable right. Besides this, the mortgage described in the deed contained an acceleration clause. By the terms of the mortgage described in the deed, if the interest should not be paid when due, it was the right of the mortgagee to declare the whole sum due and payable, and to proceed at once to foreclose the entire mortgage. There is nothing in the contract which obligated the defendants to execute a mortgage containing such conditions. Under the contract a default in payment of the interest by the defendants would not render the entire sum due at the option of the mortgagee, or authorize the mortgagee to foreclose for the entire sum. In addition to this, the mortgage described in the deed contained a provision that, if the interest was not paid when due, the deferred payment should draw interest at the rate of 10 per cent. after due. The contract did not require the defendants to assent to a mortgage containing such provisions. If the defendants had accepted the deed tendered by the plaintiff, they would have assumed entirely different obligations from those contained in the contract. It seems plain to us that the tender of the deed in the form it was drawn was not a substantial compliance with the contract on the part of the plaintiff, and, therefore, he was not in a position to demand a foreclosure of a contract which he himself had not performed, or tendered performance. It is true that the $6,000 mortgage could have been paid off at any interest pay day, but this does not relieve the situation. The defendants might not be in a position to secure a new loan on the terms of the contract.

In this discussion we have rather assumed that our former opinion was controlling upon the question of fraud, as well as the defects in the plaintiff's title, because upon these questions the evidence is practically the same upon both trials.

The defendants also argue that the mortgage described in the deed required the mortgagor to pay taxes upon the mortgage, and that this was in contravention of the terms of the contract. The contract is not clearly expressed. With respect to the $14,000 mortgage, the contract recites, interest "6 per cent. net." There was no explanation as to whether this was a well-understood term in real estate transactions. Whether this was a violation of the terms of the contract, we deem it unnecessary to determine, in view of the questions heretofore discussed. From a consideration of the record, we are satisfied that the plaintiff has not tendered substantial performance of the contract on his part, and is, therefore, in no position to demand a foreclosure of the contract, or the specific performance thereof. We think the judgment should have been in favor of the defendants upon the issues presented, and that the defendants should have judgment against the plaintiff for $1,900 paid upon the contract, with interest thereon at 7 per cent. from October 6, 1919.

The judgment of the district court is reversed, and the cause remanded, with directions to enter judgment denying to the plaintiff the relief prayed, and to enter a judgment in favor of the defendants and against the plaintiff for $1,900 with interest thereon at 7 per cent. from October 6, 1919.

REVERSED, WITH DIRECTIONS.