GLENN E. BOTSCH ET AL., APPELLANTS, V. LEIGH LAND COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLEES.

288 N. W. 2d 31

Filed January 29, 1980. No. 42601.

William A. Wieland of Healey, Brown, Wieland & Kluender, for appellants.

Joseph Ginsburg and Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon, for appellees

Leigh Land Co., Langemeier, and Wagner.

Steven J. Flodman and Barlow, Johnson, DeMars & Flodman, for appellees Leroy and Imogene Folken.

Heard before BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and HASTINGS, JJ., and Rist and Blue, District Judges.

HASTINGS, J.

Plaintiffs appeal from an order entering a mandatory injunction which requires defendants to drain four waste disposal ponds, prohibits them from ever using the ponds to hold any "mix of cattle manure and water," and awards plaintiffs a judgment for $4,800 for temporary damages suffered by plaintiffs "during past years to date of trial."

This is the second appearance here of this case. Our first opinion appears under the same title at 195 Neb. 509, 239 N. W. 2d 481 (1976), wherein the facts are set forth in considerable detail. In the trial upon which our first opinion was based, the trial court sustained defendants' motion to dismiss plaintiffs' petition at the close of plaintiffs' case on the theory that as a matter of law a nuisance did not exist. We found that the trial court was in error and reversed and remanded for further proceedings.

Following the remand, the cause, for all practical purposes, was submitted to the trial court on the bill of exceptions from the first trial. Plaintiffs assign as errors the refusal of the trial court to allow the filing of an amended petition; denial of plaintiffs' request to present additional evidence relative to the time period between conclusion of the original trial on December 6, 1974, and the further proceedings held on April 26, 1978; consideration by the court of matters not in evidence; failure to enjoin the feedlot operation entirely or in such a manner as to constitute a nuisance; and inadequacy of damages.

In our former opinion, we said: "Prima facie, the

existence of the conditions revealed by the record in this case clearly establishes that defendants' feeding activities, as operated, constituted a nuisance. The odors generated by the lagoons and the manure dust, together with the insects resulting from failure to remove manure, have rendered plaintiffs' premises well-nigh uninhabitable * * *.'' In conclusion we said: ''On the evidence thus far submitted, it appears that the lagoons and the manner of handling manure constitute a nuisance. Defendants have not as yet introduced evidence and it may be that they can successfully rebut plaintiffs' evidence of a nuisance. If no nuisance is finally established, judgment must be for the defendants; however, if a nuisance is finally established but *it is shown that the nuisance-creating factors may be dispensed with by enlarging or otherwise handling the lagoons, removing manure or other means,* then the nuisance only but not the feeding business would be subject to injunction. The judgment of the District Court is reversed and the cause remanded for further proceedings.'' (Emphasis supplied.)

In the face of this mandate, the plaintiffs filed a motion for leave to file an amended petition which eliminated all reference to injunctive relief, but retained the prayer for damages. Upon objection by defendants, the court denied plaintiffs' leave. Additionally, upon a finding that plaintiffs had indicated no intention of offering new evidence covering the period up to the time of the original trial, but only as to damages since that time, the trial court limited the taking of evidence to the years 1969 through 1974. It further decreed that no findings or judgment would be made concerning the years following 1974, the date of the original trial. Immediately following those rulings and on the 26th day of April 1978, further proceedings were had. Plaintiffs offered the bill of exceptions from the former trial, and although defendants insisted that this was not necessary be-

cause the present proceeding was part of the original trial, they voiced no objections, and it was received. Plaintiffs then made an offer of proof concerning evidence of continuing damages due to odors, flies, and dust covering the period from the original trial to the then present time, April 26, 1978. Upon objection by defendants, the offer was refused by the court. Plaintiffs rested, as did the defendants who offered no evidence at all.

The general rule in an equity case, where a motion to dismiss at the close of plaintiff's case is erroneously sustained, requires that the cause be remanded to the trial court for a new trial. Marco v. Marco, 196 Neb. 313, 242 N. W. 2d 867 (1976). Thereafter, in the sound discretion of the trial court, amendments to the pleadings not inconsistent with the opinion directing the remand should be allowed, and the trial court may decide the case on the record already made, or may take additional evidence or try all issues de novo. Miller v. Ruzicka, 111 Neb. 815, 198 N. W. 148 (1924); Pinkham v. Pinkham, 60 Neb. 600, 83 N. W. 837 (1900).

In spite of the foregoing rules, it is apparent that plaintiffs were prejudiced in no manner. They were permitted to submit their case to the court on the issue of damages. They were allowed to tender all the evidence they desired up to December 6, 1974, and this they accomplished by the voluntary offer and reception of the original bill of exceptions. Although they were denied the opportunity to adduce evidence of damages from that date forward, the way remained open to them to dismiss their pending lawsuit and refile the same, or they could have filed, and still may file, a separate action for those alleged later-arising damages. Error without prejudice appearing from the record does not entitle appellant to a reversal on appeal. Bailey v. Mahr, 199 Neb. 29, 255 N. W. 2d 866 (1977).

Plaintiffs contend that the trial court's assessment

of damages was erroneous and the result of "passion, prejudice, mistake, or some other means not apparent in the record." This being a question of fact in an equitable action, we review it de novo, but in determining the weight to be given the evidence, will consider the fact that the trial court observed the witnesses and their manner of testifying. Doyle v. Union Ins. Co., 202 Neb. 599, 277 N. W. 2d 36 (1979). The only evidence as to damages was revealed by testimony of discomfort and annoyance due to odors, flies, and blowing manure dust. There was no specific or direct evidence of permanent deterioration of values or the incurring of special costs or expenses. The finding of damages by the trial court was within the range of the evidence and was not arbitrary. Doyle v. Union Ins. Co., *supra.*

Finally, was the injunction as granted sufficient to abate the nuisance? In this case, we found that "Prima facie, the existence of the conditions revealed by the record in this case clearly establishes that defendants' feeding activities, as operated, constituted a nuisance." Botsch v. Leigh Land Co., 195 Neb. 509, 239 N. W. 2d 481 (1976). " 'Where on appeal findings of fact are made which become the law of the case and there is a remand for a new trial, on such retrial, such findings are binding on the parties, the trial court and this court, unless on the retrial the facts relating to the issues upon which the findings were made are materially and substantially different from those adduced on the former trial, * * *.' " Bezdek v. Patrick, 170 Neb. 522, 103 N. W. 2d 318 (1960).

" 'A court of equity will not usually enjoin the operation of a lawful business without regard to how serious may be the grievance thereby. In the first instance, at least, it will require the cause of the grievance to be corrected and will enjoin the conduct of the enterprise perpetually after it has been proven that no application of endeavor, science, or

skill can effect a remedy or that the owners cannot be induced to conduct it properly.' " Botsch v. Leigh Land Co., *supra*. In this case, having found the existence of a nuisance, we offered the defendants the opportunity to demonstrate how they could dispense with the nuisance-creating factors. They refused to present any evidence and thereby chose not to accept this opportunity. Accordingly, the only conclusion we can draw from the record is that the defendants, faced with the alternatives expressed and implied by our former opinion, are of a mind that the "nuisance-creating factors" may not be dispensed with by any "other means." Accordingly, the trial court should have entered an order enjoining the defendants from operating the feedlot in any manner until and unless they can demonstrate, upon proper application and showing, that the same can be done without injury and harm to the plaintiffs as it now exists. It is directed to enter such an order.

The judgment of the District Court is affirmed, except as modified herein, and the cause is remanded with directions to enter an order enjoining the defendants' operations as specified above.

AFFIRMED AS MODIFIED AND
REMANDED WITH DIRECTIONS.