WILLIAM H. PLUMER, Appellee, v. BOARD OF SUPERVISORS OF HARRISON COUNTY et al., Appellants.

PARTIES: Mandamus—Drainage—Assessed Lands—Correction of Description. An owner of land which is assessed for the construction of a drainage improvement may maintain an action of mandamus against the board of supervisors for the correction of the insufficient description of *other* assessed lands within the district in such manner that such other lands can be sold under the assessment against *them.*

MANDAMUS: When Writ Lies—Lands Assessed for Drainage—Correction of Description. Mandamus will lie, by one landowner within a drainage district, to compel the board of supervisors to so correct the description of *other* assessed lands that the latter may be sold under the assessment against them.

Headnote 1:  38 C. J. p. 772.  Headnote 2:  19 C. J. p. 738.

*Appeal from Harrison District Court.—*J. S. DEWELL, Judge.

APRIL 5, 1927.

Action in mandamus, to compel the defendant county audi-

tor and board of supervisors of Harrison County to correct the description of three irregular tracts of land employed in an attempted assessment thereon for a pro-rata share of the costs of a subdrainage district, and for a reassessment under proper descriptions. A demurrer to the petition was overruled, and, defendants electing to stand thereon, judgment was entered as prayed. Defendants appeal.—*Affirmed.*

*Lloyd Harding,* for appellants.

*George H. Mayne,* for appellee.

STEVENS, J.—The plaintiff, appellee, is the owner of land within the Kirk Subdrainage District in Harrison County, Iowa, assessed for a portion of the cost of the improvement erected in said subdrainage district, and brings this action for a writ of mandamus to compel the board of supervisors to correct the description of three irregular tracts belonging to F. O. and Viola Kirk, and to levy a new assessment thereon. The irregularity in the shape and form of the tracts in question results from the right of way of the Chicago & North Western Railway Company, which crosses the subdivisions of which they are, respectively, a part, in a northeasterly and southwesterly direction. The descriptions in the published notice of assessment and on the record of the auditor's office of such assessment are as follows:

> "Part SE SE 7-79-42  13 acres;
>
> "Part NW NW, SE cor.  no acreage given
>
> "SW NW 8-79-42  25 acres."

When offered at tax sale, no one, because of the defective descriptions, would bid, and the assessments have not been paid.

Two propositions only are urged by appellants, namely: one, that the plaintiff has not such interest in the subject-matter of the action as entitles him to maintain the action; and the other, that mandamus is not the proper remedy.

We are of the opinion that neither proposition is sound. Appellee has a direct interest in the assessment, if, because of the failure of the board to levy the same upon the land by cor-

1. PARTIES: mandamus: drainage: assessed lands: correction of description.

2. MANDAMUS:
when writ lies:
lands assessed
for drainage:
correction of
description.
rect description, the tax cannot be collected, and, as a result, his own land will necessarily be subjected to an additional burden of taxation. It is alleged in the petition that such will be the case. Appellee's interest in the matter is direct and substantial, to the extent of any extra burden that may be imposed upon his land. The board of supervisors had a description of each tract by metes and bounds or other definite designation before it at the time the assessment was levied, and it will be presumed that the record is still available. Unless mandamus will lie, the only remedy of appellee was to appeal to the board of supervisors to correct the error. Refusal upon the part of such board to do so would leave the owners of property situated within the district, and liable to an additional assessment, remediless. The action of mandamus, as defined by Section 12440 of the Code of 1924, as "one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or situation," would seem to be particularly applicable. No element of discretion on the part of the board is involved. The amount of the assessment has previously been determined. It was its duty to properly describe the land within the district and liable to assessment when the assessment was laid thereon.

The demurrer should have been overruled, and the judgment is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.