HERB DEAN et al., appellants, v. L. M. ARMSTRONG et al., as members of Board of Directors of Consolidated School District of North Superior, appellees.

No. 48635.

(Reported in 68 N.W.2d 51)

William O. Anderson, of Estherville, for appellants.

Peter B. Narey, of Spirit Lake, for appellees.

MULRONEY, J.—The plaintiffs sought to enjoin the directors of a consolidated school district from closing the school and contracting for outside school facilities for the 1954-1955 school year. The stipulated question for decision in the trial court was: "It is stipulated between the parties hereto that the issue in this case is, whether the authorization granted by 274.15 and 282.7 of the Code [1954] legally authorizes the School Board of North Superior Consolidated District to contract with the Independent School District of Spirit Lake for the purpose of sending all of the school children from North Superior School District to the Spirit Lake School."

The trial court answered the question in the affirmative and dismissed the petition, and plaintiffs appeal.

I. Section 274.15 and section 282.7, Code, 1954, set forth in the footnote*, furnish clear authority for *any school district* to discontinue its educational facilities and contract with

*"274.15 Any school district by record action taken by its board of directors and approved by the county board of education may discontinue any or all of its educational facilities and contract with any school district maintaining approved schools to furnish such facilities, provided it is determined by the district and the county board of education that the per pupil cost of tuition and transportation to be contracted for does not exceed the per pupil cost of maintaining its own educational facilities. In the event the total per pupil cost of tuition and transportation proposed to be contracted for exceeds the total per pupil cost of maintaining like facilities in its own schools, the district may nevertheless contract with another district, maintaining approved schools, to furnish such facilities provided the parents or the persons standing in loco parentis to the pupils involved will agree to share the pro rata amount of such excess cost. Contracts made under the provisions hereof shall not be made for a period to exceed one school year.

"282.7 The board of directors in any school district may by record action discontinue any or all of its school facilities. When such action has been taken, the board shall designate an appropriate approved public school or schools for attendance. Tuition shall be paid by the resident district as required in section 279.18 and section 282.20 for all pupils attending designated school, except that high school pupils may attend school of choice and be entitled to tuition, but must attend school designated for attendance to qualify for transportation. Designations shall be made as provided in chapter 285."

another district to furnish such facilities. It was stipulated that the required determination as to per pupil cost of tuition and transportation had been made. The only argument advanced by plaintiffs is that the above sections do not apply to consolidated schools. The argument is bottomed on section 274.2, Code, 1954, which provides in part: "The provisions of law relative to common schools shall apply alike to all districts, *except when otherwise clearly stated*, and the powers given to one form of corporation, or to a board in one kind of corporation, shall be exercised by the other in the same manner, as nearly as practicable." (Italics supplied.)

It is the argument of plaintiffs that chapters 274 and 282, Code, 1954, contain the provisions of law relative to common schools, and chapter 276, which was repealed April 30, 1953, by chapter 117, Acts of the Fifty-fifth General Assembly, contained the provisions of law relative to consolidated schools. The argument goes on to point out various sections of repealed chapter 276, which show it was, in the language of 274.2, supra, "otherwise clearly stated" that consolidated schools were not to have the rights of discontinuance granted by sections 274.15 and 282.7, supra. Plaintiffs claim the right to base their argument on sections in repealed chapter 276 by virtue of this provision in the repealing Act (section 34, chapter 117, Acts of 55th G. A.) : "Nothing herein contained shall be construed as invalidating the organization of any school district existing on the effective date of this Act * * *."

The argument proceeds to point to various sections of chapter 276 as it appeared in the 1950 and prior Codes, where provision was made for the formation of consolidated districts for the purpose of *maintaining* a consolidated school. The argument is that the duty to *maintain* a consolidated school and the duty to provide a suitable building for such consolidated school and other similar statements found in repealed chapter 276 are the clear statements, referred to in section 274.2, supra, which show the common school provisions for discontinuance (sections 274.15 and 282.7, supra) do not apply to consolidated schools.

There is no merit in the argument. We need not examine the argument to see if it would be sound if chapter 276 had not

been repealed. We doubt if the language plaintiffs refer to in the repealed chapter measures up to "otherwise clearly stated" (section 274.2, supra) such as to render the discontinuance provisions not applicable to consolidated schools. But in any event plaintiffs claim too much for the saving clause in the repealing statute, or section 34, chapter 117, Acts of 55th G. A., previously quoted. The clause saved nothing but the validity of the organization—and certain commenced procedure not of interest here.

 The consolidated district still remains a valid organized school district with all powers and duties provided by law. Nowhere in the law at the time this contract was entered into was there any provision clearly stating a consolidated district could not discontinue its educational facility and contract for such outside facility for one year. Sections 274.15 and 282.7, supra, clearly say this can be done by any school district. Any arguments that might have been advanced for exception of consolidated schools from the discontinuance provisions before repeal of chapter 276 were lost by the repeal. As stated in Waddell v. Board of Directors, 190 Iowa 400, 406, 175 N.W. 65, 67, a school district "is a legislative creation. It is not organized for profit. It is an arm of the state, a part of its political organization. It is not a 'person' within the meaning of any bill of rights or constitutional limitation. It has no rights, no functions, no capacity, except such as are conferred upon it by the legislature. The legislative power is plenary. It may prescribe its form of organization and its functions today, and it may change them tomorrow."

The trial court was correct in holding sections 274.15 and 282.7, supra, applicable to consolidated schools. The cause is affirmed.—Affirmed.

All JUSTICES concur.