STATE OF IOWA ex rel. IOWA EMPLOYMENT SECURITY COMMISSION, appellant, v. DES MOINES COUNTY et al., appellees.

No. 52392.

(Reported in 149 N.W.2d 288)

MARCH 7, 1967.

Walter F. Maley, of West Des Moines, and Lorne M. Boylan, of Des Moines, for appellant.

Pryor, Riley, Jones & Walsh, of Burlington, for appellees.

RAWLINGS, J.—The sole question presented on this appeal is whether a drainage district is a political subdivision or instrumentality of the State or any of its political subdivisions.

Chapter 97B, Code, 1962, is captioned the "Iowa Public Employees' Retirement System".

Chapter 97C, Code, 1962, is identified as the "Federal Social Security Enabling Act".

Pursuant to section 97C.3, Iowa entered into a federal-state agreement, in effect at all times here concerned.

Plaintiff, Iowa Employment Security Commission, is the State administrative agency charged by law with the levy and collection of taxes owing under chapters 97B and 97C.

Defendant, Des Moines County Drainage District No. 8, was established as provided by chapter 455, operating in accord with chapter 462 under a board of trustees.

Plaintiff commission assessed and levied taxes and interest claimed due by defendant drainage district in accord with chapters 97B and 97C.

The trustees of defendant drainage district refused to remit and plaintiff sought, by action in mandamus, to compel payment.

Defendants, Des Moines County Drainage District No. 8, Carl Gerst, Kenneth Oetken and M. J. Kuhn, individually and as trustees of the drainage district, appeared specially contending the trial court had no jurisdiction of the subject matter since defendant drainage district is not a political subdivision of the State and is not a legal entity.

This special appearance was sustained, plaintiff's petition dismissed, and it appeals. We reverse.

I. Most if not all of the authorities cited by counsel for both plaintiff and defendants attempt to effect a juristic classification of drainage districts by the application of time-honored labels.

In resolving the problem here posed, we do not deem it necessary to determine whether they are or are not quasi corporations or quasi municipal corporations.

As previously stated our task is simply to ascertain whether a drainage district is a political subdivision of the State or one or more of its political subdivisions.

Article I, section 18, of our state constitution, in part, permits the general assembly to pass laws for the organization of drainage districts and to vest in proper authorities power to repair and maintain them by special assessments upon property benefited.

Code section 455.1 then grants to boards of supervisors power to establish such districts whenever it will be of public utility or conducive to public health, convenience or welfare.

The operation of a drainage district, once organized, may be placed in the hands of an elective board of trustees. Section 462.1.

These trustees have the same powers as are conferred by law on boards of supervisors for the management and control of their districts. Section 462.27.

This includes the authority to levy special assessments on the lands located in the district which stand as a lien upon the property assessed. Sections 455.57 and 455.58.

Furthermore special assessments levied within a given district are collected, held and expended by the county treasurer only on order of the trustees. Section 462.29.

The trustees of a drainage district are vested with the power to acquire lands by conveyance, lease or eminent domain. Section 462.27.

They may also effect repairs and improvements, enter into contracts, incur indebtedness, authorize payment for same, and issue bonds. Chapter 455 and sections 462.7–462.30.

Turning now to statutory definitions, section 97B.41 provides in part:

"2. The term, 'employment', means any service performed under an employer-employee relationship under the provisions of this chapter.

"3. *a.* The term, 'employer', means the state of Iowa, the *counties,* municipalities and public school districts therein *and all of the political subdivisions thereof and all of their departments and instrumentalities,* all hereinafter called political subdivisions, as of July 4, 1953." (Emphasis supplied.)

And the relevant portions of section 97C.2 state as follows:

"2. The term 'employment' means any service performed by an employee in the employ of the state, or any political subdivision thereof, for such employer, except (1) service which in the absence of an agreement entered into under this chapter would constitute 'employment' as defined in the Social Security Act; or (2) service which under the Social Security Act may not be included in an agreement between the state and the federal security administrator entered into under this chapter.

"* * *

"4. The term 'employer' means the state of Iowa and all of its political subdivisions which employ persons eligible to coverage under an agreement entered into by this state and the fed-

eral security administrator under the provisions of the Social Security Act, Title II, of the Congress of the United States as amended.

"\* \* \*

"6. The term 'political subdivision' includes an instrumentality (a) of the state of Iowa, (b) of one or more of its political subdivisions or (c) of the state and one or more of its political subdivisions, but only if such instrumentality is a juristic entity which is legally separate and distinct from the state or subdivision and only if its employees are not by virtue of their relation to such juristic entity employees of the state or subdivisions."

II. The phrase "juristic entity", employed in section 97C.2 (6), has apparently never been heretofore defined.

However, in the absence of some statutory definition to the contrary we are satisfied, as here used, it means some legally recognizable or identifiable political body, unit, organization or instrumentality of the State or of any one or more of its political subdivisions.

Although not here determinative, this court held in State v. Olson, 249 Iowa 536, 548, 86 N.W.2d 214, a drainage district is not a corporation and cannot sue or be sued, but there may still exist a conspiracy to injure its property and funds.

Confronted with an action in mandamus by authorities of one drainage district against those of another, this court held in Board of Trustees v. Board of Supervisors, 232 Iowa 1098, 1100, 5 N.W.2d 189, a drainage district is a legislative creation which has no rights or powers other than those found in the statutes which give and sustain its life. In this regard see also Dean v. Armstrong, 246 Iowa 412, 415, 68 N.W.2d 51.

And, in Wapello County v. Ward, 257 Iowa 1231, 1235, 136 N.W.2d 249, we said: "Counties, townships, school districts, irrigation districts, *drainage districts and other similar governmental bodies* have long been known to the law, but their exact status in Iowa at least has been defined only in regard to certain specific purposes. They have been recognized as 'quasi municipal corporations', and the statement has frequently been made that they are not true municipal corporations." (Emphasis supplied.)

See also Graham v. Worthington, 259 Iowa 845, 853, 146 N.W.2d 626, 632; Hanson v. City of Cresco, 132 Iowa 533, 538–540, 109 N.W. 1109; Winspear v. District Township of Holman, 37 Iowa 542, 544; Charles S. Rhyne on Municipal Law, section 1.4, page 7; 28 C. J. S., Drains, section 6, page 237; and 25 Am. Jur.2d, Drains and Drainage Districts, section 6, page 241.

■ The creation and existence of a drainage district can only be justified whenever it is of public utility or conducive to the public health, convenience or welfare as prescribed by law. Section 455.1.

In fact the drainage of surface waters from agricultural or other lands, or their protection from overflow, is presumed to be a public benefit and conducive to the public health, convenience and welfare. Section 455.2. See also Sisson v. Board of Supervisors of Buena Vista County, 128 Iowa 442, 452–459, 104 N.W. 454, 70 L. R. A. 440.

■ III. Counties are political subdivisions of the State. Lincoln Township School District v. Redfield Consolidated School District, 226 Iowa 298, 301, 283 N.W. 881. And an organized drainage district is a political subdivision of the county in which it is located, its purpose being to aid in the governmental functions of the county. It is a legally identifiable political instrumentality.

We conclude drainage districts come within the classification of a political subdivision or instrumentality of the State, or one of its political subdivisions or instrumentalities.

IV. Plaintiff's petition asserts defendants are required by law to collect, and pay, State retirement and social security taxes but have failed and refused to do so.

It also alleges such taxes, with accrued interest, are owing, but defendants have failed and refused to remit.

Upon this basis plaintiff seeks, by mandamus, to compel defendants to perform asserted statutory duties.

■ An action in mandamus is the proper remedy. Sections 97B.11–97B.15, 97C.5–97C.11 and 661.1, Code, 1962; Independent School District of Danbury v. Christiansen, 242 Iowa 963, 969–971, 49 N.W.2d 263; Pierce v. Green, 229 Iowa 22, 35–38, 294 N.W. 237, 131 A. L. R. 335; Plumer v. Board of Supervisors,

203 Iowa 643, 645, 213 N.W. 257; 55 C. J. S., Mandamus, section 182(a), page 351; and 34 Am. Jur., Mandamus, sections 213, 214, pages 981–983.

V. The trial court held it did not have jurisdiction of the subject matter of this case. We do not agree. See in this regard Article V, section 1, Constitution of Iowa; sections 604.1 and 661.4, Code, 1962; Harvey v. Prall, 250 Iowa 1111, 1116, 97 N.W.2d 306; and Charles v. Epperson & Co., 258 Iowa 409, 137 N.W.2d 605, 618.

The trial court is directed to overrule the special appearance.—Reversed and remanded.

All JUSTICES concur.