**James LARSEN and Peggy Larsen,**
**Appellants,**

v.

**POTTAWATTAMIE COUNTY, Iowa,**
**Appellee.**

**No. 53806.**

Supreme Court of Iowa.

Jan. 13, 1970.

Porter, Heithoff, Pratt & Reilly, by James A. Pratt, Council Bluffs, for appellants.

Johnson, Stuart, Tinley & Peters, by Jack W. Peters, Council Bluffs, for appellee.

RAWLINGS, Justice.

Plaintiffs, husband and wife, by action at law seek damages from defendant county in connection with a single vehicle bridge related accident.

Trial court sustained defendant's pleading based motion to dismiss. Plaintiffs elected to stand on the record, and appeal. We reverse.

By their petition plaintiffs seek recovery under chapter 613A, Iowa Code Annotated (Tort Liability of Governmental Subdivisions), claiming in substance a secondary road system bridge in Pottawattamie County was negligently constructed, inspected, repaired, and maintained, with no warning given as to its faulty condition; the plaintiff operated and occupied pickup truck struck a loose plank on the bridge; that each plaintiff was resultantly injured and the truck damaged.

By its motion to dismiss defendant asserted the petition, (1) stated no cause upon which any relief could be allowed, and (2) is predicated upon a breach of duty not imposed upon defendant by law.

In sustaining the dismissal motion, trial court did not specify the basis of its ruling. See rule 118, Rules of Civil Procedure.

On appeal, however, all parties proceed upon the premise, trial court held, in effect absence of duty on the part of defendant precluded recovery by plaintiffs. Our review will be accordingly confined.

I. Established rules regarding construction of pleadings challenged by a motion to dismiss are set forth at some length in Hagenson v. United Telephone Company, Iowa, 164 N.W.2d 853, 855–856, and need not be here repeated. See also Appling v. Stuck, Iowa, 164 N.W.2d 810, 811–812.

Our task is to ascertain whether the petition filed by plaintiffs states a claim on which any relief can be allowed.

This means we must determine defendant's responsibility, if any, with regard to maintenance and repair of bridges located on a secondary road system within the county.

II. At the outset it is well established in this jurisdiction, counties are recognized political subdivisions of the state. State ex rel. Iowa Employment Security Commission v. Des Moines County, 260 Iowa 341, 346, 149 N.W.2d 288.

Also, under the provisions of chapter 613A, I.C.A., counties are municipalities and liable for the negligence of their respective officers, agents and employees acting within the scope of employment.

III. Plaintiffs contend the law imposes upon Pottawattamie County the duty to construct and maintain secondary road bridges, within its boundary lines, in a reasonably safe condition for use by all travelers. See Nicholson v. City of Des Moines, 245 Iowa 270, 277, 60 N.W.2d 240, 44 A.L.R.2d 616.

Conversely defendant argues the Fifty-Fourth General Assembly, in repealing sections 309.1 and 309.2, Code, 1950, inferentially if not directly placed responsibility for all secondary bridges, other than those on intercounty highways, upon the state highway commission. It appears to us this approach ignores several well established precepts and existing statutes. We do not elect to adopt it.

A bridge is ordinarily considered an integral part of the road on which it is located. Section 4.1(5), Code, 1966; Brooks v. Dickey, Iowa, 158 N.W.2d 11, 13; Braden v. Board of Supervisors, Iowa, 157 N.W.2d 123, 125–127; Oregon Transfer Co. v. Tyee Construction Company, D.C., 188 F.Supp. 647, 649; 11 C.J.S. Bridges section 3, page 985; and 39 Am. Jur.2d, Highways, Streets, and Bridges, sections 80–81, page 467.

Furthermore, existing legislative enactments apart from those repealed by the Fifty-Fourth General Assembly, supra, clearly impress upon each county the statutory duty to repair and maintain bridges located on its secondary roads. This is well settled under established rules of statutory construction.

In that regard we have repeatedly held, statutes relating to the same subject matter, or in "pari materia" must be considered together. See Boomhower v. Cerro Gordo County Bd. of Adjustment, Iowa, 163 N.W.2d 75, 76; Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., Iowa, 165 N.W.2d 771, 774; and France v. Benter, 256 Iowa 534, 541, 128 N.W.2d 268.

Another standard employed in ascertaining legislative intent is that if fairly possible courts must avoid unreasonable, impractical or absurd consequences. Hedges v. Conder, Iowa, 166 N.W.2d 844, 853; Janson v. Fulton, Iowa, 162 N.W.2d 438, 442–443; and France v. Benter, supra. See also rule 344(f) (13), Rules of Civil Procedure.

IV. Code section 306.1 classifies the highways in this state, one being a secondary road system. Then section 306.3 vests jurisdiction and control of secondary roads in boards of supervisors within their respective counties.

Also, section 309.3 provides, in substance, the secondary bridge system within a county embraces all bridges located therein, with certain exceptions not here relevant.

Additionally, section 309.67 mandates that boards of supervisors, with their county engineers, cause the secondary road systems to be kept in proper condition, and specifically that all bridges, including approaches, be kept open and free from obstruction.

Regardless of the content of those laws repealed by the Fifty-Fourth General Assembly, referred to above, remaining statutes, supra, clearly reveal the legislative intent that a duty be impressed on all counties in this state to repair, maintain and keep in a reasonably safe condition all bridges and their approaches located upon

or which form a part of any secondary road system located within their respective boundaries. Any other conclusion would serve, in essence, to unreasonably make each bridge located on a secondary road an island or no-man's-land.

Defendant's motion to dismiss should have been overruled.

Resultantly we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded with instructions.

All Justices concur.