William A. WOOD, Appellee,

v.

IOWA DEPARTMENT OF JOB
SERVICE, Appellant.

No. 66004.

Supreme Court of Iowa.

Nov. 25, 1981.

Walter F. Maley, Blair H. Dewey and Joseph L. Bervid, Des Moines, for appellant.

Louis M. Fusco, of Wilson, Goodhue & Fowler, Indianola, for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, McGIVERIN, and LARSON, JJ.

HARRIS, Justice.

This appeal calls for an interpretation of a provision in section 96.5(1)(a), The Code 1979. The trial court, sitting in review of agency action, disagreed with the interpretation of the department of job services and held that the claimant was entitled to unemployment benefits. We agree with the trial court.

The provision in controversy is as follows: "In those cases where [the claimant] left ... employment in good faith for the sole purpose of accepting better employment, which [the claimant] did accept and such employment is terminated by the employer, ... [the claimant] shall be eligible for benefits ...." The department maintains that, in order for a claimant to benefit under this provision, four things must be established: (1) The claimant must in good faith leave employment solely to get better employment, (2) the better employment must be accepted, (3) the better employment must be terminated, and (4) services must be performed for pay in the better employment. Under the facts here the first three were shown; the fourth was not.

Claimant is a truck driver. For some thirteen and a half years he was employed as a union truck driver but was discharged because of a physical flaw in his back. He thereafter worked for a nonunion employer, losing his accumulated union benefits. Later the claimant was offered a job by another union company, a position in which he could recoup his lost union benefits.

He took several tests and a physical examination. The doctor conducting the physical examination told the claimant that the flaw in his back would "never bother" him and posed no obstacle to his employment as a union driver. Claimant was thereafter advised by the union company manager that he was hired and that his first work day would be the following Monday.

Accordingly, the claimant notified his nonunion employer that he would be leaving at the end of the week because he had accepted the better employment. On the Friday prior to his first day of work the claimant was notified that a doctor in the home office of the union employer had re-

viewed his file and reversed the local doctor's decision concerning his back problem. Claimant was told not to report for work and that the union employer would have to renege on the employment agreement.

Since then the claimant was unable to secure employment except as a nonunion driver. He lost the benefit of his thirteen and a half years. Moreover, when he advised his nonunion employer that the offered employment had been revoked, he was told his position had been filled. He then applied for unemployment benefits and was disqualified by the department on the ground that he had voluntarily quit without good cause attributable to his employer. He appealed on the basis of the provision above quoted. A hearing officer and the appeal board upheld the denial of benefits.

The claimant thereafter filed a petition for judicial review. The trial court reversed the determination of the department and held the claimant might be eligible for benefits under section 96.5(1)(a). The trial court ordered the department to take additional evidence on the issue. The department appealed.

I. Under these facts, the question narrows to whether, as the department believes, a successful claimant must show the performance of services for pay within the better employment. This claimant performed no such services and of course received no pay.

The department points to the general definition of employment in section 96.19: "... service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, expressed or implied." The department also relies on our cases which include within the definition of "employment" the concept of services rendered for remuneration. Such a definition is often applied in unemployment benefit cases. *State ex rel. etc. v. Des Moines County*, 260 Iowa 341, 344, 149 N.W.2d 288, 290 (1967).

The claimant does not seriously dispute the department's definition of the term "employment." Rather, the claimant argues, the statutory provision he relies on does not require that services be performed within the better employment. The dispute comes down to the department's belief that a requirement that services be actually performed inheres in the requirement that the better employment be "terminated." The department reasons that better employment could not be terminated unless and until it is physically undertaken.

We agree with the trial court and claimant that the department's interpretation calls for too strict an interpretation of the word "terminated." The legislature could easily have provided that services be performed within the better employment before benefits were to be allowed. The legislature certainly knew how to word such a requirement, and did so otherwise in the same Code subsection in connection with related but different provisions ("which he or she did accept, and that he or she remained continuously in said new employment for not less than six weeks"). We believe the omission of such a requirement in the controverted provision was deliberate.

We think the legislature intended to require claimant to show only the first three of the items the department lists, not the fourth. We do not agree with the department that a showing of the fourth item is in some way presupposed by the requirement of the other showing.[1] An employment relationship that dies after it is contracted can be said to have terminated. This is especially true in a special provision which is designed to avoid hardship to an employee who is cast adrift in the act of trying to better himself.

II. We agree with the department that the trial court erred in remanding the proceedings in order to take more evidence.

---

1. The defendant cites and relies on an administrative rule, 370 I.A.C. § 4.28(5), to support its interpretation of the statute. It follows from what we have said that we believe the administrative rule is contrary to section 96.5(1)(a). Hence the rule must yield and is unenforceable. *Hiserote Homes, Inc. v. Riedemann*, 277 N.W.2d 911, 913 (Iowa 1979).

There was no need for further hearing. The facts were fully developed and the sole and only question was the interpretation of the provision. We therefore strike from the trial court's decision the order for remand. In all other respects the judgment of the trial court is affirmed. .

MODIFIED AND AFFIRMED.