Linda PETERSON, Gary Higgins, Jane Higgins, Ryan Higgins, Lila Brelsford, Phyllis Gannon, Marilyn Rowles, William Radebaugh, Sheila Sjeklocha, Bill Heater, Rick Brown, Sue Brown, Beverly Morris, and Other John and Jane Doe Landowners of Drainage District No. 5, Appellants,

v.

**BOARD OF TRUSTEES OF DRAINAGE DISTRICT NO. 5, Appellee.**

No. 99–0532.

Supreme Court of Iowa.

April 25, 2001.

Thomas D. Hanson and Clark G. McDermott of Hanson, Bjork & Russell, L.L.P., Des Moines, for appellants.

James W. Hudson of Hudson Law Firm, Pocahontas, for appellee.

CARTER, Justice.

Landowners in Greene County Drainage District No. 5 appeal from a judgment in a certiorari proceeding upholding the action of the drainage district trustees in awarding supplemental damages to a property owner more than seven years after the original damage assessment for that owner was made. They contend that the board of trustees did not have authority to increase the original damage award following the conclusion of the statutory proceeding for assessing damages under Iowa Code section 468.26 (1991). We agree with this contention and reverse the judgment of the district court.

In 1991 the Greene County Board of Supervisors approved a project to build a three-mile drainage ditch improvement, which required the acquisition of right-of-way from a number of different landowners. Subsequently, the administration of the drainage district was taken over by a board of trustees as authorized in Iowa Code section 468.500. The board of trustees, acting pursuant to section 468.24, appointed an appraisal committee for purposes of determining damages to the surrounding landowners as a consequence of the drainage improvement.[1]

Notice was given to all landowners affected that a hearing would be held on the appraisal committee's report on December 19, 1991. A hearing was held on that date, and the appraisal committee made a presentation recommending damages to be paid to landowners. At the conclusion of the hearing, the board approved the awards of damages recommended by the appraisal committee. One of the landowners whose property was affected was

---

1. Iowa Code section 468.14 provides that all claims for damages, except claims for land required for right-of-way, must be filed with the county auditor "at or before" the time set for hearing on the tentative approval of the planned improvement.

Charles Gunn. He was awarded damages of $8090.50 by the board for land taken for the improvement.

Some of Gunn's property that was benefited by the new drainage ditch was wetland property subject to regulation under federal legislation. As a result of the improvement, this property no longer qualified as wetland property under the program in which Gunn was participating. As a consequence of that occurrence, the United States Department of Agriculture imposed a sanction on Gunn, which denied him the use of approximately twenty-eight other acres of cropland. When the federal agency ruling was affirmed by both the federal district court and the court of appeals, Gunn negotiated a settlement with the United States Department of Agriculture. The result of this negotiation was an agreement by Gunn to purchase other land to be converted to wetland as a condition for avoiding the requirement for removal of twenty-eight acres of cropland from production. The property Gunn purchased in order to effectuate this compromise was acquired at a cost of $26,600.

Gunn sought reimbursement from the board of trustees for the cost of the land that he converted to wetlands in order to avoid the federal agency sanction. The board of trustees held a public hearing on Gunn's damage claim on June 19, 1998. Sixteen property owners in the drainage district appeared and objected to the proposal to award Gunn supplemental damages as a result of the federal wetlands dispute. Other landowners voted against awarding supplemental damages to Gunn when a vote of landowners was taken at the hearing. That vote resulted in nine landowners voting in favor of granting Gunn's claim and nineteen voting against. At the conclusion of the hearing, the board of trustees voted to allow Gunn's claim in the sum of $26,600.

Several landowners in the district instituted this certiorari proceeding, seeking to have the board's action declared illegal. The district court concluded that the board was authorized to compensate Gunn fully for the damages occasioned by the drainage ditch and upheld the supplemental award of damages. Other matters of importance will be discussed in connection with our consideration of the legal issues presented.

The plaintiff landowners urge that in takings for drainage-district purposes as in other eminent-domain matters damages are established only once, and are presumed to include all damages present and future. The board of trustees responds that this was not a taking by eminent domain but rather an improvement to an existing drainage ditch undertaken pursuant to statutory authority. It urges that the nature of the loss now being compensated was not known at the time that Gunn's damages were originally established in December 1991.

█ It is true that the drainage district in seeking land for this improvement did not resort to the power of eminent domain provided in Iowa Code chapter 6B, which it was empowered to do under Iowa Code section 468.126(6). It used an alternative procedure provided in the latter statute, which is to acquire land under the same statutory procedures that are provided for the original establishment of a drainage district. Those procedures require an engineer's report to be approved by the board, notice to affected property owners, and the appointment of an appraisal committee. *See* Iowa Code §§ 468.12, .14, .24. Yet, when these procedures are concluded and damages to the affected landowners are paid, the result is the equivalent of an eminent-domain taking because the drainage district becomes vested with a permanent easement of all right-of-way for drainage district ditches, tile lines, settling

basins, and other improvements. Iowa Code § 468.27. We conclude that the alternative procedure employed by the board is a special form of eminent domain that the legislature has provided for drainage-district takings.

Several statutes bear on the issue of whether the December 1991 assessment of damages was a final and binding determination of the drainage district's obligation to compensate Gunn. These include the following:

> The appraisers appointed to assess damages shall view the premises and determine and fix the amount of damages to which each claimant is entitled, and shall place a separate valuation upon the acreage of each owner taken for right of way for open ditches or for settling basins, as shown by plat of engineer, and shall, at least five days before the date fixed by the board to hear and determine the same, file with the county auditor reports in writing, showing the amount of damage sustained by each claimant. Should the report not be filed in time, or should any good cause for delay exist, the board may postpone the time of *final action on the subject*, and, if necessary, the auditor may appoint other appraisers.

Iowa Code § 468.25 (emphasis added).

> At the time fixed for hearing and after the filing of the report of the appraisers, the board shall examine said report, and may hear evidence thereon, both for and against each claim for damages and compensation, and shall determine the amount of damages and compensation due each claimant, and may affirm, increase, or diminish the amount awarded by the appraisers.

Iowa Code § 468.26.

> Any person, company, or corporation failing to file any claim for damages or

objections to the establishment of the district at or before the time fixed for said hearing, except claims for land required for right of way, or for settling basins, shall be held to have waived all objections and claims for damages.

Iowa Code § 468.19.

We are persuaded that the legislature in employing the words "final action on the subject" in section 468.25 intended to convey finality to the board's award under section 468.26 subject only to the right of appeal to the district court.[2] The only exception appears to be that under section 468.27 the board may pay additional damages for later crop damage outside the right-of-way of the district as a result of future maintenance, repair, improvement, and inspection of the drainage system.

With respect to the payment of damages in drainage-district takings, we recognized in *Taylor v. Drainage District No. 56*, 167 Iowa 42, 148 N.W. 1040 (1914), that

> [t]he Legislature, in authorizing the condemnation of a right of way for a drainage ditch, has provided a definite and complete method for the adjustment and adjudication of damages occasioned by the taking and the compensation to the owners of the land through which extended. . . .

> The wisdom of fixing a day on or before which all claims must be filed is not open to inquiry. It is essential to the orderly consideration and dispatch of business that there be a time after which claims for damages may not be presented or heard. Otherwise, such an enterprise could never be completed,

**2.** Such appeal is provided for in Iowa Code section 468.83.

and claims of different kinds might be urged on ad infinitum.

*Taylor*, 167 Iowa at 51, 148 N.W. at 1043. The principle announced in *Taylor* is consistent with principles that this court has applied to eminent-domain takings in other situations. *See Hammer v. Ida County*, 231 N.W.2d 896, 900 (Iowa 1975) (condemnation damages are to be assessed once and for all and once assessed include all injuries that may result for all time); *Wheatley v. City of Fairfield*, 213 Iowa 1187, 1194, 240 N.W. 628, 632 (1932) (same).

We believe that the foregoing principle serves to defeat the board's authority to approve the supplemental damage payment to Gunn in 1998. We recognize that the finality requirement that we have imposed may work a hardship in those situations where changes in the water flow produce unanticipated consequential damage to adjoining property owners. However, the need for a reasonably prompt determination of the drainage district's obligation to all landowners affected is manifest and outweighs the interests of the few landowners who may suffer unanticipated losses. *See Taylor*, 167 Iowa at 54, 148 N.W. at 1045 (inability to assert damage claim within time provided by law is no ground for equitable relief).

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court with directions to sustain the writ of certiorari and annul the board's action in approving compensation to Gunn for monies spent in the settlement of his wetlands dispute with the federal government.

**REVERSED AND REMANDED.**

